### DENNIS *v.* HARRIS *et al.*

(*Supreme Court, General Term, Fifth Department.* June, 1892.)

1. CONTRIBUTORY NEGLIGENCE—EVIDENCE.
   While defendants were pressing hay near plaintiff's barn, sparks from the engine used in the work set fire to the barn. Plaintiff had just sold defendants the hay, and assisted in pressing it, though aware of the danger of using the engine under the conditions then present. The evidence was conflicting as to whether there was a spark arrester in the smokestack of the engine. *Held,* that there was evidence of contributory negligence, and a verdict for defendants would not be disturbed.

2. SAME—DEGREE OF NEGLIGENCE.
   In such a case, though defendants were very negligent, if plaintiff was slightly negligent in exposing his property to sparks from the engine he could not recover.

Appeal from circuit court, Cayuga county.

Action by John Dennis against Robert C. Harris and others. From a judgment entered on a verdict for defendants, plaintiff appeals. Affirmed.

The notice of appeal, after reciting that the plaintiff appeals to the general term from the judgment, states that the appellant intends to bring up for review upon such appeal the order dated the 15th day of January, 1890, denying a motion for a new trial.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

A. P. *Smith,* for appellant. F. D. *Wright,* for respondents.

LEWIS, J. This action was brought for the loss of plaintiff's barn and contents by a fire which the plaintiff claims was caused by the defendants' negligence. The plaintiff had sold to them a quantity of hay in his barns. The defendants were to press the hay, and in so doing they used a steam engine. The plaintiff assisted in the work of pressing the hay. While thus engaged, sparks of fire from the engine blew into an open door of the barn, and set fire to some straw. The barn and its contents were destroyed. It was claimed by the plaintiff that the fire was caused by the negligence of the defendants in using a defective engine, the alleged defect consisting in the omission to use a spark arrester in the smoke pipe of the engine. If the defendants used their engine on the occasion mentioned without having a spark arrester on the smoke pipe, they were guilty of negligence, which caused the destruction of plaintiff's property. There was a very large amount of conflicting evidence upon the question as to whether there was in fact a spark arrester in the smoke pipe of the engine. It cannot be claimed that the evidence upon this question so preponderated in favor of the plaintiff as to justify this court in setting aside the verdict on that ground. The verdict of the jury upon this question must be held to be final.

It is contended by the plaintiff that the defendants were guilty of negligence in placing the engine so near the opening into the barn mentioned, with the wind blowing as it did at the time. The evidence tended to show that all the surrounding facts affecting the question of negligence as to the location of the engine, the condition of the wind, and the open doorway, were at least as fully known to the plaintiff as to the defendants. The plaintiff was present, and knew all about the situation, and, if there was any negligence arising from these circumstances, the plaintiff's negligence contributed to his loss. While the plaintiff testified that he knew nothing about the construction of the smoke pipe of an engine, he knew that engines, while at work, would emit sparks. He testified that he had employed them four or five times before the fire, and that he was afraid of them; yet, notwithstanding his fears, he set the defendants at work pressing hay, knowing just where the defendants had placed their engine, and the other circumstances mentioned.

The case seems to have been fairly and carefully tried. We have examined all of the plaintiff's exceptions to the admission and rejection of evidence, and find nothing in them calling for a new trial. The learned trial justice, in his charge to the jury, after rehearsing the facts of the case, said: "Now, what do you say in regard to these facts, which are practically undisputed and uncontradicted? Do they show to your minds that the plaintiff used that same degree of care in protecting his own property that a reasonably prudent man would be required to employ under the same circumstances? Do these facts establish clearly to your mind that he employed the same degree of care in protecting his property that he required of the defendants in the management of their property in the vicinity of his barn? He was bound to do it. He cannot, by his negligence, contribute to such an injury, and then recover from the defendants. If you should find that the defendants were very negligent, and that the plaintiff was slightly negligent in leaving his property exposed to the sparks which might come from the engine, even then he cannot recover." Plaintiff's counsel excepted to this part of the charge. We think the rule of law governing the question of contributory negligence of the plaintiff was correctly stated in this part of the charge, and that the charge is in harmony with the doctrine of the cases cited in the brief of the appellant's counsel. From the view we take of this appeal it is not necessary to decide whether the appellant's notice of appeal brings up for review the order denying his motion for a new trial. We think the verdict of the jury should be held to be decisive upon the questions of fact, and that the judgment and order appealed from should be affirmed. All concur.