JOSEPH R. McGUIRE, Respondent, *v.* NEW YORK RAILWAYS COMPANY, Appellant.

**Contributory negligence — pedestrian struck by car because he misjudged its speed — when guilty of contributory negligence as matter of law.**

1. A pedestrian crossing a street in front of and a short distance from an approaching trolley car is as much obligated to look out for his own safety as is the motorman. Although a pedestrian struck by a car under such circumstances may have thought that he could get across the tracks before the car reached him and the motorman also

may have believed that he would do so, and each made a mistake, and the evidence which establishes the negligence of one equally establishes the negligence of the other, to permit a jury, under such circumstances, to say that the pedestrian's injuries were caused solely by the negligence of the motorman would be to predicate a verdict upon pure speculation.

2. Where plaintiff, who was walking across a street, saw, as he reached the space between the north and south-bound tracks of a street railway, a south-bound trolley car rapidly approaching and about twenty-nine feet away, but, thinking that he could get across without being struck, proceeded without increasing his speed and, as he was about to clear the south-bound track, was struck and seriously injured, it must be held that he was, as matter of law, guilty of contributory negligence. (*Knapp* v. *Barrett*, 216 N. Y. 226, distinguished.)

*McGuire* v. *New York Railways Co.*, 186 App. Div. 66, reversed.

(Argued October 12, 1920; decided November 16, 1920.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 18, 1919, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*B. H. Ames* and *James L. Quackenbush* for appellant. The plaintiff failed to establish his freedom from contributory negligence. (*Schroder* v. *M. S. R. Co.*, 87 App. Div. 624; *Netterfield* v. *N. Y. C. R. Co.*, 129 App. Div. 57; *Volosko* v. *I. S. R. Co.*, 190 N. Y. 209; *Du Franc* v. *Met. St. Ry. Co.*, 83 App. Div. 298; *Woodward* v. *N. Y. Rys. Co.*, 164 App. Div. 662; *McVicker* v. *Joline*, 160 App. Div. 283; *Wecker* v. *B., Q. C. & S. Ry. Co.*, 136 App. Div. 342; *Bambace* v. *I. S. Ry. Co.*, 188 N. Y. 288; *Flynn* v. *Joline*, 135 App. Div. 291; *Vanderbout* v. *R. Ry. Co.*, 202 N. Y. 63.) If there be evidence of negligence on defendant's part, the same evidence likewise establishes plaintiff's contributory negligence, or discloses a failure of proof with respect to this element of his case. (*Netterfield* v. *N. Y. C. R. Co.*, 129 App. Div. 62; *Coleman* v. *N. Y. Cent., etc., R. Co.*, 98 App.

Div. 554; *Weiss* v. *Met. S. R. Co.*, 33 App. Div. 223; 165 N. Y. 637; *Groening* v. *Interurban S. R. Co.*, 88 N. Y. Supp. 355; *McEntee* v. *Met. S. R. Co.*, 110 App. Div. 675; *Little* v. *Third Ave. R. Co.*, 83 App. Div. 331; 178 N. Y. 591; *Thompson* v. *Met. S. R. Co.*, 89 App. Div. 13; 103 App. Div. 595; 183 N. Y. 568; *Tully* v. *N. Y. City R. Co.*, 127 App. Div. 689.)

*George F. Hickey, Alfred M. Bailey* and *Thomas E. Flynn* for respondent. The plaintiff was not chargeable with contributory negligence as matter of law. (*Knapp* v. *Barrett*, 216 N. Y. 226; *Baker* v. *Close*, 204 N. Y. 92; *Buhrens* v. *D. D., E. B. & B. R. R. Co.*, 53 Hun, 571; 125 N. Y. 702; *Handy* v. *M. S. Ry. Co.*, 70 App. Div. 26; *Cohen* v. *M. S. Ry. Co.*, 67 App. Div. 165; 170 N. Y. 588; *Kettle* v. *Turl*, 162 N. Y. 255; *McDonald* v. *Met. St. Ry. Co.*, 167 N. Y. 66; *Copeland* v. *Met. St. Ry. Co.*, 67 App. Div. 483; *Frank* v. *Met. St. Ry. Co.*, 58 App. Div. 100; *Mullen* v. *Schenectady Ry. Co.*, 214 N. Y. 300.)

McLaughlin, J. This action was brought to recover damages for personal injuries alleged to have been sustained by reason of defendant's negligence. The plaintiff had a verdict, upon which judgment was entered, from which defendant appealed to the Appellate Division, where the same was affirmed (two of the justices dissenting) and defendant then appealed to this court.

There is little or no dispute as to the material facts involved. The plaintiff, fifty-eight years of age, was a plumber and steamfitter by trade. About nine-thirty P. M. on March 21, 1915, while crossing defendant's railway tracks from east to west, at One Hundred and Twenty-third street and Lenox avenue in the city of New York, he was struck on the south crossing at the intersection of such streets, by one of its south-bound cars and seriously injured. The recovery has been

sustained upon the ground that the injuries were caused solely by defendant's negligence and that plaintiff himself was free from negligence. Is the evidence susceptible of this construction? That is the question to be determined.

Lenox avenue, at the place where the accident occurred, extends practically in a northerly and southerly direction and is about eighty feet from curb to curb. One Hundred and Twenty-third street runs at right angles to it and is about twenty-nine feet eight inches from curb to curb. The defendant has double tracks in about the middle of Lenox avenue. The north-bound cars run on the east and the south-bound cars on the west track. From the east curb of Lenox avenue to the east rail of the north-bound track is thirty-two feet. The distance between the rails of each of the tracks is, approximately, five feet. Between the north and south-bound track is a space of about five feet in width. The distance from the westerly rail of the south-bound track to the westerly curb of Lenox avenue is thirty-one feet eight inches. Plaintiff testified that immediately preceding the accident he left his residence to go to a nearby liquor store to procure a pint can of beer to drink with his supper; that after procuring the beer, he walked down Lenox avenue on the easterly side, crossed One Hundred and Twenty-third street and then started to cross the avenue on the southerly crosswalk; that before starting to cross he looked up and down the avenue; that he saw nothing to the south, but on looking north he saw, between One Hundred and Twenty-fourth and One Hundred and Twenty-fifth streets, a car approaching rapidly; that it was well lighted and there was nothing to obstruct his vision, nor distract his attention; that after seeing the car approaching rapidly, he started to cross Lenox avenue; that there was at that time a north-bound car which had stopped at the crossing, but as he reached it, this car moved along and he proceeded on his way; that he crossed the north-bound track and as he was on the space between

the north and south-bound tracks, and about to step upon the latter, he saw the car which he had first seen between One Hundred and Twenty-fourth and One Hundred and Twenty-fifth streets still approaching rapidly; that it was then at about the northerly crosswalk of One Hundred and Twenty-third street, or nearly twenty-nine feet away; that he thought he could get across without being struck; that without increasing his speed, he proceeded, and as he was about to clear the south-bound track was struck and seriously injured.

Considering these facts in the most favorable light to the plaintiff, I am of the opinion he was, as matter of law, guilty of contributory negligence. He, of course, was as much obligated to look out for his own safety as was the motorman. It may very well be he thought he could get across the tracks before the car reached him, and that the motorman also believed he would do so, but if so, each made a mistake. The evidence which establishes the negligence of one equally establishes the negligence of the other, and to permit a jury, under such circumstances, to say that the plaintiff's injuries were caused solely by the negligence of the defendant is to predicate a verdict upon pure speculation.

Authorities in negligence cases serve little purpose, since each case must be determined by its own peculiar facts. However, the following authorities would seem to indicate that upon the facts stated the view above expressed is correct: *Woodward* v. *New York Railways Co.* (164 App. Div. 658; affd., 221 N. Y. 538); *Ploxin* v. *Brooklyn Heights R. R. Co.* (171 App. Div. 925; affd., 220 N. Y. 609); *Zucker* v. *Whitridge* (205 N. Y. 50); *Weiss* v. *Metropolitan St. Ry. Co.* (33 App. Div. 221; affd., 165 N. Y. 665).

The facts in *Ploxin* v. *Brooklyn Heights R. R. Co.* (*supra*) were quite similar to the facts in this case. There, the deceased saw a car about two hundred feet away, approaching rapidly. He started to cross the street in

front of it and in order to clear it had to travel twenty-nine feet. When he reached the space between the two tracks he had about six feet to go. The car then was about thirty feet from him, still approaching rapidly. Without increasing his own speed, he continued his walk, and was struck just as he was stepping over the furthest rail. It was held that deceased was, as matter of law, guilty of contributory negligence.

*Knapp* v. *Barrett* (216 N. Y. 226) and other authorities cited by the respondent are not applicable, or are clearly distinguishable.

The judgment appealed from, therefore, should be reversed, with costs in all courts, and the complaint dismissed.

Pound, J. (dissenting). On the weight of evidence, plaintiff's case seems weak, but that is not our concern. The question presented is whether it is contributory negligence as a matter of law for a pedestrian on a street crossing on one side of a street to walk at a good fast gait in front of a moving trolley car which he sees from the strip between the double tracks in the middle of the intersecting street, approaching the opposite crossing, thirty feet away, rapidly and with unslackened speed, when he is struck by the car just as he is stepping off the further rail through the negligence of the motorman in failing to keep his car under control and slacken his speed. We are not to disbelieve or reject plaintiff's evidence unless it is incredible as matter of law. Does such a one, exercising judgment and acting on the not unwarranted assumption that the motorman will also exercise due care, without notice to the contrary, put himself so far outside the category of reasonably prudent persons as to require the court to say that in law his act was one of heedlessness and inattention? If reasonable men may reasonably differ on the legitimate conclusions to be drawn from the evidence, the question is for the jury,

subject to the power of the trial court or the Appellate
Division to order a new trial if the verdict is contrary
to the evidence. (*Queeney* v. *Willi*, 225 N. Y. 374, 378.)
We are about to hold that the trial justice and the jury
on two trials and the majority of the Appellate Division
have, with their daily experience in crowded city streets,
failed to comprehend what the conduct of a prudent
man thus situated might be; that we must fix an absolute
standard of proper care to prevent a recovery.

The law does not say that one is negligent because he
sees a street car approaching a street crossing set aside
for the crossing of foot passengers, not close upon him,
miscalculates the danger and goes ahead. He may still
be free from fault. (*Knapp* v. *Barrett*, 216 N. Y. 226.)
Plaintiff is to fail here, not because of the rule, but because
of the application of it. The car is said as matter of
law to be so near as to be close upon him. But it was
not so near if his evidence is credible. This standard
of dangerous nearness may do for the leisurely life of
rural communities, but in the rush of city life, with
rapidly moving vehicles crowding the streets, the prudent
man at a street crossing where he has a right to be may
be said to act prudently although he does not refrain
from passing in front of street cars and automobiles
approaching the other side of the street, but hurries
along on the reasonable assumption that those in control
will be careful enough to avoid him. If it is prudent
for him to be on the street he may prudently proceed
without waiting for the procession to pass by. The
question of proper care is thus ordinarily a question of
fact. In *Buhrens* v. *Dry Dock, E. B. & B. R. R. Co.*
(53 Hun, 571; 125 N. Y. 702) when plaintiff reached the
corner of the street he saw the defendant's car approach-
ing the crossing at an excessive rate of speed yet he pur-
sued his course and was struck. Van Brunt, P. J., said·

" It appears that the plaintiff was driving slowly, and
that all of the wagon except the hind wheels cleared the

car, which shows that the plaintiff's opinion that he could pass the car safely was not entirely without foundation, and if the latter had been properly managed would have been undoubtedly correct.

" Assuming that the plaintiff saw the car approaching very fast, still there was nothing to indicate to him that it was not under control of the driver, and he had a right to believe that the latter would exercise proper care. The plaintiff supposed he would clear the car, and, although subsequent events proved that he erred in this conclusion, a mere error of judgment was not necessarily negligence when the proof shows that had the car been properly managed, as the plaintiff had a right to assume it would be, he would have been enabled to cross in safety.

" From these facts it being possible to draw an inference that the plaintiff had not been guilty of negligence in attempting to cross, under the circumstances disclosed, the question of negligence necessarily became a question for the jury, and it was for them to say whether the plaintiff had proved himself to be free from negligence or not.

" It is not the province of the court to determine this question, where it is possible to draw different inferences or conclusions from the facts disclosed." (p. 573.)

A glance toward the opposite side of the street, a calculation that the approaching vehicle not yet on the crossing will not run one down, which it would not except for carelessness and indifference to one's rights on the part of the driver, that may or may not be ordinary care under ordinary circumstances, or the circumstances may compel the inference of carelessness. To hold that such care cannot be enough in this case would seem to overthrow the practical application of the rule of reciprocal care at street crossings laid down by trial courts in street railroad cases for the guidance of juries for the past generation and to adopt the rule applicable to accidents in the middle of the block where the pedestrian is charged with additional vigilance (*Ploxin* v. *B. H. R. R. Co.,*

171 App. Div. 925; 220 N. Y. 609), and to steam railway crossings where the engines are not under control and do not slacken speed.

The judgment appealed from should be affirmed.

HISCOCK, Ch. J., COLLIN and ANDREWS, JJ., concur with McLAUGHLIN, J.; POUND, J., reads dissenting opinion, with whom HOGAN and ELKUS, JJ., concur.

Judgments reversed, etc.