MATTHEW J. JOYCE, Respondent, *v.* LAWRENCE B. BROCKETT and Another, Appellants.

Third Department, June 19, 1923.

Motor vehicles — action for injuries suffered when defendant's automobile in which plaintiff was riding was overturned — brakes of automobile failed to work on hill and defendant attempted to turn automobile into intersecting highway — speed before reaching hill was about fifty-five miles per hour — negligence was based on careless and negligent driving — proximate cause of accident was failure of brakes to work — plaintiff was guilty of contributory negligence as matter of law.

In an action to recover damages for injuries suffered by the plaintiff when defendant's automobile in which he was riding was overturned, it appeared that the accident occurred on a steep hill; that the automobile was being driven at about fifty-five miles per hour as it reached the top of the hill; that the brakes on the automobile, although they had been recently inspected, failed to work and the defendant attempted to turn the automobile into an intersecting highway, and in doing so the automobile overturned; that the plaintiff was familiar with the road, and that the negligence charged was careless and negligent driving.

*Held,* that the proximate cause of the accident was not the speed at which the automobile was being driven when it reached the hill, but the failure of the brakes to work, and the evidence does not justify a finding that the accident would have happened if the brakes had held.

Furthermore, the plaintiff was guilty of contributory negligence as a matter of law in not protesting against the speed of the automobile at a time when he knew they were approaching the top of a steep hill.

APPEAL by the defendants, Lawrence B. Brockett and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Rensselaer on the 13th day of December, 1922, upon the verdict of a jury for $7,500, and also from an order entered in said clerk's office on the 15th day of December, 1922, denying defendants' motion for a new trial made upon the minutes.

*Frank J. O' Neill [Barnett Cohen* of counsel], for the appellants.

*Thomas S. Fagan,* for the respondent.

VAN KIRK, J.:

At the time of the accident, the defendant Lawrence B. Brockett was the president of, and was acting for, the defendant L. B. Brockett Lumber Co., Inc. We shall speak of Lawrence B. Brockett as the defendant.

The plaintiff, at defendant's request, went with him to Albany county, for the purpose of showing to him a wood lot. When returning and descending Corning hill, a hill long and steep, the defendant turned the car sharply into a road leading to the left; the car was upset and the plaintiff's injuries were received. The plaintiff called the defendant as a witness and the story of the transactions leading up to, and at the time of, the accident is told by the defendant and the plaintiff. The versions vary in no material respect, excepting as to the speed at which the car was going prior to the accident. As to this the plaintiff's testimony is much the more positive and is to be accepted here. For about eight miles before reaching Corning hill the car had been uniformly running between forty and fifty-five miles an hour. Two hundred or 300 feet before reaching the top of the hill, the car passed around a corner, going fifty to fifty-five miles an hour. At the top of the hill it had not lessened its speed. At the top of the hill the grade is slight for a short distance. Here defendant attempted to use his brakes, but both the foot brake and the emergency brake " let go; " failed entirely to hold the car. As the car passed down the hill its speed increased. About two-thirds of the way down the hill is the road leading to the left, where the accident occurred. At the bottom of the hill the road comes to a dead end in what is called the River road, leading northerly and southerly and meeting the Corning hill road at about right angles. As one approaches the River road from the Corning hill road there is directly in front of him a fence and a bank or abrupt decline. It was necessary for the defendant to take one of the two roads. When the brake failed the defendant attempted to change from high speed to a lower speed. He threw out the clutch, adjusted the lever and

attempted to put on the clutch gradually, but he says the clutch "grabbed" and threw the car just as he was attempting to make the turn. An examination of the car after the accident disclosed that a pin holding a rod going from the equalizer to the brake lever was gone and the rod had dropped.

The defendant moved for a nonsuit because of failure to prove negligence upon the part of the defendant and because negligence of the plaintiff contributed to the accident.

The sole ground of defendant's negligence stated in the complaint, submitted to the jury and claimed in this court, is that the injuries were due to careless and negligent driving, as expressed in the complaint, "in making the turn to the north * * * the defendant, Lawrence B. Brockett, drove said automobile at such a high and reckless and unlawful rate of speed and operated and managed said automobile so negligently and carelessly and imprudently, as to run said automobile into and upon the east bank of said roadway," causing the car to overturn. Apart from plaintiff's declared position, it may be remarked that liability may not rest upon the defendant because of the failure of the brakes to hold. Upon this same trip they descended a number of hills and the brakes had worked properly. The car had been examined and a brake shoe adjusted but two or three days before the accident. The failure of the brakes was entirely unexpected and there was no failure to inspect. Nor could liability rest upon the fact that defendant chose to take the north road instead of proceeding to the foot of the hill. At either place he must make a sharp turn and the car was increasing speed as it went down the hill; the speed would have been greater at the foot of the hill than when two-thirds of the way down. When such a choice was inevitable, negligence cannot be charged on account of the choice made. Nor, the brakes having failed, was it an imprudent act to try to check the speed of the car by changing the gear, which places a drag upon the car when the spark is switched off. Our inquiry of necessity is solely concerning the negligence as alleged in the complaint and submitted to the jury.

The careless and negligent driving is, therefore, chargeable solely on account of the speed of the car. With this car going at the rate of speed described by the plaintiff himself, if the brakes had been in good condition, it could have been controlled at the top of this hill, which for a short distance had but a slight decline. The proximate cause of the accident was not the speed at which the car reached the top of the hill, but the failure of the brakes. (*Laidlaw* v. *Sage,* 158 N. Y. 73.) The evidence does not justify a finding that the accident would have happened if the brakes had held.

In our view also the plaintiff was guilty of contributory negligence as a matter of law. He was familiar with this road; he had ridden over it with this defendant about a week before. He knew this long, steep hill and the necessary turn either on the hill or at its foot. On the former ride he had not noticed the speedometer because the car was always driven at a reasonable rate of speed. On this trip, for the eight miles from Selkirk to this hill, he was sitting in the front seat beside the driver and frequently looked at the · speedometer, his attention being called because of " the rate that he was going, he was going so fast." When the car turned the corner 200 or 300 feet before it reached the top of the hill, it was going at about fifty-five miles an hour. The plaintiff made no protest whatever, in nowise called the attention of the defendant to the rate of speed at which the car was going. The courts have frequently held, and this court very recently, that a person riding in a motor car by invitation was guilty of contributory negligence if, when the car was being driven at a dangerous rate of speed under the circumstances, he failed to warn or admonish the driver. (*Clark* v. *Traver*, 205 App. Div. 206; *Brickell* v. *N. Y. C. & H. R. R. R. Co.*, 120 N. Y. 290; *Klinczyk* v. *Lehigh Valley R. R. Co.*, 152 App. Div. 270.)

If it was negligent for the defendant to drive at the rate of speed at which he was going, it was equally negligent for the plaintiff, who was familiar with the road and its dangers and was in every respect as able to judge what was a dangerous speed as was the defendant, to sit without protest and thrust all responsibility upon the driver; and to allow a jury to speculate whether, upon such facts, the defendant was negligent, while the plaintiff was not, is to permit them to find a verdict solely upon conjecture. (*McGuire* v. *New York Railways Co.*, 230 N. Y. 23, 27.) We think the conclusion inevitable, either that defendant was not negligent, or, if he were, that plaintiff was guilty of contributory negligence.

A nonsuit, or defendant's motion for a direction of a verdict in his favor, should have been granted. (Civ. Prac. Act, § 457a, as added by Laws of 1921, chap. 372; *Matter of Case*, 214 N. Y. 199, 203.)

The judgment should be reversed and the complaint dismissed, with costs.

H. T. KELLOGG, Acting P. J., HINMAN and HASBROUCK, JJ., concur.

Judgment and order reversed on the law and complaint dismissed, with costs.