CLARA UNDERHILL, an Infant, by HELEN UNDERHILL DOLL, Her Guardian ad Litem, Respondent, *v.* FRANK MAJOR, Appellant.

Fourth Department, March 9, 1927.

Negligence — what constitutes — action for injuries suffered by plaintiff when gasoline took fire as automobile tank was being filled — plaintiff was sitting in rear seat — owner of automobile placed lighted lantern near opening in gas tank — defendant's agent began pumping gasoline while lantern was near opening — defendant was negligent — plaintiff was not guilty of contributory negligence since she could not anticipate act of defendant — verdict of jury in favor of plaintiff is not against weight of evidence.

This is an action to recover damages suffered by the plaintiff when gasoline in an automobile tank took fire while the plaintiff was in the rear seat of the automobile. The action is against the owner of the gasoline service station. The owner of the automobile placed a lighted lantern near the opening in the gasoline tank. The defendant's agent began pumping the gasoline into the automobile tank while the lighted lantern was near the opening, and immediately the fire occurred.

It was negligent for the defendant to fail to remove or to cause to be removed the lighted lantern, and it was negligent for the defendant to start pumping gasoline into the automobile tank while the lantern was close to the opening therein.

The plaintiff, although she saw the lighted lantern near the opening of the tank, was not guilty of contributory negligence, for she was not bound to anticipate that the defendant would pump the gasoline into the tank before removing the lantern or causing it to be removed. She was not bound, as a matter of law, to anticipate such a negligent act.

The verdict of the jury in favor of the plaintiff is not against the weight of the evidence.

CROUCH and CLARK, JJ., dissent, with opinion.

APPEAL by the defendant, Frank Major, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 10th day of May, 1926, upon the verdict of a jury for $2,500, and also from an order entered in said clerk's office on the 9th day of June, 1926, denying defendant's motion for a new trial made upon the minutes.

*White & Rugg* [*Ford White* of counsel], for the appellant.

*Charles W. Strong*, for the respondent.

HUBBS, P. J. The defendant operated a gas service station. His wife and daughter tended the gas pump and served customers. On the evening of December 1, 1923, the plaintiff, then about seventeen years of age, was at the defendant's home. Mr. Spoth and Mr. Trost were also present. As they were about to leave Mr. Spoth stated that he needed some gasoline. He and Mr. Trost, the plaintiff and the defendant's daughter got into the car driven by Mr. Spoth and drove to the gasoline pump, about 200 feet from the house. The plaintiff and the defendant's daughter sat on the back seat. The plaintiff had a kerosene oil lantern, which was turned down. The car was stopped at the pump and the defendant's daughter got out and asked for the lantern so that she could see to unlock the pump. The plaintiff handed her the lantern, she unlocked the pump and put on the handle with which to operate it. Mr. Trost took up the cushion from the front seat and unscrewed the cap on the gasoline tank, which was under the front seat. He then asked for a light to see how much gasoline he needed. The defendant's daughter handed him the lantern and he measured the gasoline in the tank with a stick, but did not remove the lantern. " Then Isabelle [the defendant's daughter] handed the hose to him and he put it in the gas tank and started, turned the crank, and this young fellow [Mr. Trost] pulled the hose out quick and threw it back on me. * * * Just as soon as the gas started to go into the tank the light and the gas ignited

and everything was afire, everything was ablaze then." The plaintiff had remained on the back seat, and was seriously burned.

The defendant's version of what took place is entirely different from that given by the plaintiff. The evidence presented a question of fact which has been resolved by the jury in favor of the plaintiff. It is urged that the verdict in favor of the plaintiff should be reversed because of her contributory negligence. It is contended that the findings of the jury that the defendant was negligent and the plaintiff free from contributory negligence are necessarily inconsistent because the plaintiff had the same knowledge that the defendant's daughter had or should have had; that she remained on the back seat and saw everything that the defendant's daughter saw, and that she is precluded from recovering because of her own negligence.

We are unable to agree with such contention. There can be no question but what it was negligent for the defendant's daughter to start the pump and force gasoline into the tank while the lighted lantern stood near the opening into the tank. No doubt Mr. Trost was negligent in leaving the lighted lantern near the tank for the purpose of measuring the gasoline, but that negligence was not the cause of the plaintiff's injury. The negligent act of starting the pump and forcing gasoline into the tank while the lighted lantern stood near is what caused the fire.

An expert called by the plaintiff testified that the space in the tank above the gasoline was filled with a mixed vapor "which is wonderfully more easily ignited than the vapor of gasoline alone." The vapor from gasoline is lighter than air and rises. When the gasoline commenced to run into the tank it forced the vapor out and caused the fire.

The defendant's daughter was negligent because she failed to use the precaution of removing the lantern before she started the pump and she was negligent, also, because of the affirmative act of starting the pump while the lighted lantern stood near. The plaintiff, of course, knew that it was intended to put gasoline into the tank, and she knew that the lighted lantern was in the car near the tank, but she did not know that the defendant's daughter would start the pump without removing the lantern or causing it to be removed. She was not bound, as a matter of law, to anticipate such a negligent act on the part of the operator of the pump. The defendant owed to the plaintiff the duty of using reasonable care. He was engaged in the business of selling gasoline and chargeable with knowledge of its dangerous nature. The general rule is stated in 29 Cyc. (at p. 516) as follows: " The general rule is that every person has a right to presume that every

other person will perform his duty and obey the law, and in the absence of reasonable ground to think otherwise it is not negligence to assume that he is not exposed to danger which can come to him only from violation of law or duty to such other person." (See also 1 S. & R. Neg. [5th ed.] § 92; 20 R. C. L. 117; *Newson* v. *N. Y. C. R. R. Co.,* 29 N. Y. 383; *Redmond* v. *Maitland,* 23 App. Div. 194.)

The negligent manner in which the defendant's daughter undertook to fill the tank could not have been foreseen by the plaintiff; at least, she was not bound to foresee it as a matter of law. She did nothing to bring about the negligent act, nor did she participate in any way in the negligent conduct of the operator of the pump in attempting to fill the car. She had no warning that the gasoline was to be forced into the tank with the lighted lantern nearby. These facts distinguish this case from those where a plaintiff has been held negligent because he knew that the defendant was about to perform some act in a dangerous manner, thereby endangering him.

The question of the plaintiff's negligence was a question for the jury and its decision is not against the weight of the evidence. The judgment and order should be affirmed, with costs.

All concur, except CLARK and CROUCH, JJ., who dissent in an opinion by CROUCH, J. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ.

CROUCH, J. (dissenting). I dissent because, under the evidence, the findings of negligence and freedom from contributory negligence are necessarily inconsistent.

The particular negligence alleged, proved and submitted to the jury is that defendant's daughter pumped gasoline into the car tank with knowledge that a lighted lantern was " contiguous to the point where this opening into the tank was — within a short distance of that." But the same knowledge that defendant's daughter had, or ought to have had, this plaintiff had. Defendant's daughter stood at the gasoline pump some little ·distance away from the car with her view of the exact location of the lantern obstructed by the man on the running board who held the hose. Plaintiff was on the back seat within three or four feet of the lantern, her view unobstructed.

It is to be noted that the wrong charged ˙s not the doing of an act in a negligent manner. If it were, plaintiff's inaction might not be negligence. One is not ordinarily bound to anticipate negligent performance. Nor would failure to act promptly and effectively in an emergency created by an unforeseen negligent per-

formance be a bar.  Here, however, the wrong relied on is the lack of foresight or pre-caution which an ordinarily prudent man would have had under the circumstances.  But the plaintiff, who had the same knowledge, was charged with the same foresight. If an ordinarily prudent man at the pump should have foreseen the danger and held his hand, it is not easy to see why such a man on the back seat, having the same knowledge, should not likewise have foreseen the danger and avoided it.  " If the defendant's only fault is an absence of pre-caution, a like default on the plaintiff's part will debar the latter."  (Bohlen, Studies in the Law of Torts, 531.  See, also, to the same effect, 20 R. C. L. 107, § 93.)

The rule is illustrated by the decision of this court in *Dennis* v. *Harris* (19 N. Y. Supp. 524; 64 Hun, 637).  Defendants, using a steam engine, were pressing hay near plaintiff's barn.  Plaintiff was assisting in the work.  The barn was set on fire by sparks from the engine which blew into an open door.  The opinion says: " It is contended by the plaintiff that the defendants were guilty of negligence in placing the engine so near the opening into the barn mentioned, with the wind blowing as it did at the time.  The evidence tended to show that all the surrounding facts affecting the question of negligence as to the location of the engine, the condition of the wind, and the open doorway, were at least as fully known to the plaintiff as to the defendants.  The plaintiff was present, and knew all about the situation, and, if there was any negligence arising from these circumstances, the plaintiff's negligence contributed to his loss."

An analogous situation existed in *Joyce* v. *Brockett* (205 App. Div. 770; affd., 237 N. Y. 561), where plaintiff was injured while riding as a passenger in defendant's automobile.  The court says: " If it was negligent for the defendant to drive at the rate of speed at which he was going, it was equally negligent for the plaintiff, who was familiar with the road and its dangers and was in every respect as able to judge what was a dangerous speed as was the defendant, to sit without protest and thrust all responsibility upon the driver; and to allow a jury to speculate whether, upon such facts, the defendant was negligent, while the plaintiff was not, is to permit them to find a verdict solely upon conjecture."  (See, also, *McGuire* v. *New York Railways Co.*, 230 N. Y. 23, 27.)

The judgment should be reversed and a new trial granted.

CLARK, J., concurs.

Judgment and order affirmed, with costs.