MEREDITH, Appellant, vs. MASSACHUSETTS BONDING & INSURANCE COMPANY and others, imp., Respondents.

*March 10—April 7, 1931.*

*Harry V. Meissner* of Milwaukee, for the appellant.

For the respondents there was a brief by *Shaw, Muskat & Sullivan* of Milwaukee, and oral argument by *W. T. Sullivan.*

ROSENBERRY, C. J.  The plaintiff received compensation under the workmen's compensation act in the sum of $5,600. Godfrey & Son, the employers, assigned to her the cause of action which passed to them under the statute.  This action is maintained under the provisions of the statute relating to liability of third parties.

The question of whether or not the evidence sustains the verdict of the jury in regard to excessive speed presents a close question of fact and some novel questions of law.  If

the position of the trial court with relation to the cause of the accident is sustained, it will be unnecessary for us to deal with those questions in this case. The jury found that none of the defendants were guilty of a want of ordinary care in failing to discover the defective condition of the steel arm of the tiller system to avoid injury. The fact that it was broken at the point of a former partial break was discovered when examination was made after the accident. The turn to the left or east made by the truck in order to clear the parked automobile was very slight. It was not a sharp or sudden turn. The inequality in the surface of the street was not great and the testimony was to the effect that the front end of the truck went through it without difficulty. The depression was saucerlike in character, four or five feet wide, and was not deep at the edges, so that it is difficult to account for the breaking of the tiller arm. It is apparent from the undisputed facts in the case that the immediate cause of the swaying of the truck, which resulted in the injuries to the deceased, was the breaking of the tiller arm. There is nothing in the evidence which indicates that if the tiller arm had not broken the truck would not have passed by without interfering with the parked trucks. There is no evidence from which it may be inferred that the breaking of the tiller arm was in any way due to excessive speed. Such evidence as there is in the case indicates the contrary. Kuehn, who was acquitted of negligence, was the operator of the tiller, had been a fireman for nearly twenty years, and during that entire period had acted as tillerman "off and on," always upon this same truck. It was originally drawn by horses but was motorized in 1915. He said:

"In my opinion it is easier to operate the tiller wheel in a fast-moving motorized truck than in a slowly-drawn horse vehicle. The faster the truck moves the quicker the rear wheels respond, and going at twenty-five miles an hour one gets a pretty good response."

This testimony accords with the common experience of those accustomed to drive motor vehicles. There is no evidence to the contrary. It is a matter of common knowledge that breaks in equipment occur at unexpected times when there is no unusual or special strain. In the process of time the thing seems to reach the breaking point. Certain it is there is nothing in this case upon which a finding can be based that excessive speed caused the tiller arm to break or contributed to the break. The breaking of the tiller arm being the sole proximate cause of the injury as found by the trial court and the defendants each having been acquitted of any want of ordinary care in that regard by the verdict of the jury, the judgment of the trial court must be affirmed.

*By the Court.*—Judgment affirmed.