514

WALK, Respondent, vs. BOUDHEIM and another, Appellants.

*December 10, 1936—January 12, 1937.*

For the appellants there was a brief by *Adolph P. Lehner* and *Lehner & Lehner* of Oconto Falls, and oral argument by *Philip Lehner*.

For the respondent the cause was submitted on the brief of *Elmer Grimmer* and *N. B. Langill,* both of Marinette.

FRITZ, J.  Upon this appeal the first question to consider is whether the court erred in substituting for a jury's finding to the contrary, its finding that Emily Boudheim was negligent in respect to lookout and control in operating an automobile truck which collided with plaintiff's wagon on December 1, 1934.   On this appeal, the question is not whether the trial judge's findings are more warranted by the evidence than those which were returned by the jury in their verdict, but is solely whether there is any credible evidence which admits of inferences that will sustain, under any reasonable view, the jury's finding that Emily Boudheim was not negligent in the respects stated.   If there is such evidence, then the proper inferences to be drawn therefrom were questions for the jury, and the court erred in substituting its findings for those of the jury.   *Trautmann v. Charles Schefft & Sons Co.* 201 Wis. 113, 116, 228 N. W. 741.

A review of the record discloses evidence which the jury could consider credible and which fairly establishes or, at least, reasonably admits of inferences to the following effect: At the time of the collision plaintiff's sons were driving his team and wagon eastward on a concrete highway, and Emily Boudheim was driving the truck in the same direction.   As she was approaching the wagon she saw it and also saw that,

because of three or four approaching westbound cars, she could not pass the wagon until those cars had gone by. So she allowed the truck to slow down and then applied the brakes. But when the truck got almost up to the wagon she realized that the brakes were not operating because they were frozen, and thereafter the truck continued, at less than five miles per hour, until it ran into the rear of the wagon.

Prior to arriving at the place of collision, she had driven the truck seven or eight miles, and had found the brakes in good condition and working satisfactorily as she turned from her yard onto the highway, and when she slowed down for a truck. After that she drove through a seven or eight-feet-long pool of water covered with thin ice, which occupied half of the road, about four or five miles from the place of the collision. On other occasions, theretofore, she had driven the truck under all kinds of conditions, but this was the first time the braking equipment happened to freeze. There was also other proof that the brakes were in good condition before the car was driven from the defendant's premises that day; that if water got into the brake drum and froze, the brake would slip and not brake at all; that there was no way of preventing the freezing of the brakes on that type of an automobile; and that December 1, 1934, was a cold day, and when the brakes were examined after the accident they were frozen with ice on the bands and on the inside of the drum.

In relation to all of those matters, there was no contradiction or conflict in the evidence excepting that one of the plaintiff's sons testified that immediately after the collision Emily Boudheim said that she was excited and did not know how it could have happened; and that there was testimony that the wagon was struck with such force as to throw plaintiff's sons off, and knock down and drag the horses, and break the wagon reach and neck yoke, and tear the harnesses. However, notwithstanding those contradictions and conflicts,

the jury was reasonably warranted in finding that Emily Boudheim was not negligent in respect to either keeping a lookout or proper control of the truck because, after allowing it to slow down to five miles, when she saw that she could not pass the wagon, she was prevented unexpectedly from bringing the truck to a stop with the brakes, by reason of the unforeseen freezing of water in the drums and bands thereof. Under the evidence the jury could reasonably believe that the freezing of water in the braking equipment, and the driver's failure to know thereof in time to avoid the collision, were not attributable to any negligence on her part, and that, therefore, the collision was rather the result of an unavoidable accident and not of negligence on her part. An accident due to an unforeseen failure of automobile equipment to function because of a condition thereof which is not due to any negligence on the part of the operator, and of which he could not reasonably be expected to have known in the exercise of ordinary care, does not necessarily render him negligent and liable therefor, as a matter of law. *Byerly v. Thorpe,* 221 Wis. 28, 33, 34, 265 N. W. 76, 78; *Meredith v. Massachusetts Bonding & Ins. Co.* 204 Wis. 344, 236 N. W. 112; *Romansky v. Cestaro,* 109 Conn. 654, 145 Atl. 156; *Rath v. Bankston,* 101 Cal. App. 274, 281 Pac. 1081, 1083; *Joyce v. Brockett,* 205 App. Div. 770, 200 N. Y. Supp. 394, affirmed 237 N. Y. 561, 143 N. E. 743.

It follows that the court erred in changing the jury's findings that Emily Boudheim was not negligent in the respects stated; and as there is no basis, in the absence of such negligence, upon which to predicate liability on the part of either of the defendants, the judgment must be reversed, with directions to enter judgment upon the verdict of the jury for the dismissal of the complaint.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment dismissing the complaint.