Lansing, Respondent, vs. John Strange Paper Company, Appellant.

*March 15—April 12, 1938.*

For the appellant there was a brief by *Bouck, Hilton, Kluwin & Dempsey* of Oshkosh, and oral argument by *Ray C. Dempsey.*

For the respondent there was a brief by *O'Leary & Joyce* of Neenah, and oral argument by *E. C. Joyce* and *John W. O'Leary.*

Fritz, J.   The defendant appeals from a judgment for the recovery of damages sustained by the plaintiff when she lost control of her automobile and collided with a truck upon skidding on ice, which the jury found had formed on a bridge as the result of the deposit of moisture in water vapor which the defendant negligently caused or permitted to be emitted from exhaust vents at its paper mill.   In that connection the jury also found that the defendant's negligent failure to prevent the emission of the vapor and the formation of the ice on the bridge proximately caused the collision so that plaintiff's damages resulted naturally therefrom. The only issues on this appeal are whether those findings are supported by credible evidence; and whether,—if the evidence established such formation of ice as the result of negligence in the operation of defendant's plant,—the possibility of injury therefrom was so remote that it could not be foreseen in the exercise of ordinary care.

The skidding occurred at 7:50 a. m. on November 23, 1936, on a strip of ice about seventy-five feet long and twenty feet wide on the east half of the roadway at the north end of the Washington street bridge in Menasha.   Immediately to the north and east of the bridge the defendant operated a paper machine in a building forty-two feet wide along Washington street, three hundred feet deep and forty

feet high. Forty feet north of that building, the defendant had a wider building, which was ten feet higher. Between those buildings there were three sets of railroad tracks. On the north side of the south building, six tubes for expelling vapor from the machine rose forty feet above the ground, with their vents about three feet above the eaves, or four feet below the crown of the roof. The furthest vent was one hundred ninety-two feet east of Washington street, and the nearest was about one hundred fifteen feet from the north-east corner of the bridge. The temperature, humidity, and quantity of the vapor, as it was forced at a velocity of one thousand four hundred thirty feet per minute through the vents into the atmosphere, were such that it would produce about six hundred gallons of water in the thirty-five minutes that five of the vents were in operation immediately preceding the accident. On that morning the wind was blowing from the northeast at the rate of seventeen miles per hour, and the temperature was twenty-five degrees. The only ice at the time of the accident was the twenty-feet-wide strip on the east half of the roadway of the bridge, and it extended to a point about seventy-five feet south of the south line of the paper-machine building. There was no ice on Washington street west of that building, or on the railroad tracks between the defendant's buildings. From November 15th to November 23d, at 9 a. m., there had been no precipitation as the result of rain or snow, and on the latter date there was no snow or ice on the streets in Menasha.

The defendant, in contending that there was no credible evidence in support of the jury's finding that the ice in question was formed as the result of vapor negligently emitted from defendant's plant, and that the possibility of injury therefrom was so remote that it could not reasonably be foreseen in the exercise of ordinary care, claims (1) that the testimony of the plaintiff's witnesses as to vapor blowing

across the bridge was incredible in view of conflicting testimony by witnesses called by the defendant; (2) that there was no credible evidence of negligence on the part of the defendant in the construction of its vents; and (3) that there was no proof whatsoever that, during the eighteen years of the operation of the plant prior to the accident, any ice had ever formed on the bridge or Washington street south or west of the paper-machine building, as the result of exhaust vapor emitted from the vents in question. In so far as the first of those claims is concerned, a review of the record discloses that there was testimony which the jury could consider credible and sufficient to establish that, on the morning in question, as well as on prior occasions, water vapor was emitted from the vents and blown southwestward toward and onto the bridge to such an extent that moisture was deposited on an automobile windshield and was also felt by persons crossing the bridge. Likewise the record discloses that there was testimony by at least one witness from which the jury could infer that the defendant was negligent in respect to the construction of the vents, although the preponderance of the evidence on that issue was clearly to the contrary.

However, in so far as the defendant's third claim is concerned, there does not appear to be any evidence which directly, or by any inference that could be drawn reasonably therefrom, admits of finding that ice had ever formed theretofore on the bridge or roadway in question, as the result of vapor emitted from the defendant's vents and blown toward and onto the bridge, or that the defendant ought to have foreseen, in the exercise of ordinary care, that ice would form thereon and cause injury to others, as the result of such vapor. That there was the twenty-feet-wide strip of ice on the east half of the bridge roadway at the time of the accident is well established; and there is also the testimony of a witness that he had seen ice at approximately that point

subsequent to the accident. But there is a complete absence of any proof that ice had ever formed theretofore anywhere upon the bridge as the result of vapor emitted from the defendant's plant, or that any ice had formed on the day in question on the rail, or sidewalk to the east, or the roadway to the west of the strip in question, or any other part of the bridge, although the vapor from the vents was blown in the same manner onto those adjacent parts. Under those circumstances and conditions, the evidence did not admit of finding to a reasonable certainty that the formation of the ice on the east half of the roadway was the result of the freezing of moisture from vapor emitted from defendant's vents, or that the possibility of injury as the result of such vapor ought to have been foreseen by the defendant in the exercise of ordinary care. Consequently, in so far as the verdict is necessarily dependent upon the establishment of facts to that effect, it cannot be sustained because it rests on but speculation and conjecture. As this court said in *Hyer v. Janesville*, 101 Wis. 371, 376, 77 N. W. 729,—

"a jury cannot properly be allowed to determine disputed questions of fact from mere conjecture. There must be some direct evidence of the fact, or evidence tending to establish circumstances from which a jury would be warranted in saying that the inferences therefrom clearly preponderate in favor of the existence of the fact, else the question should not go to the jury for determination at all. To allow a jury to reach a conclusion in favor of the party on whom the burden of proof rests, by merely theorizing and conjecturing, will not do. There must at least be sufficient evidence to remove the question from the realms of mere conjecture, else the trial court should pronounce the judgment of the law on the situation by taking the case from the jury when requested so to do."

*Stafford v. Chippewa Valley Electric R. Co.* 110 Wis. 331, 341, 85 N. W. 1036; *Gardner v. Chicago & M. E. R. Co.* 164 Wis. 541, 543, 544, 159 N. W. 1066; *Creamery Pack-*

*age Mfg. Co. v. Industrial Comm.* 211 Wis. 326, 330, 248 N. W. 140; *Enders v. Sinclair Refining Co.* 220 Wis. 254, 263 N. W. 568, 265 N. W. 67. Furthermore, to sustain liability it is not enough to show that the defendant permitted a dangerous condition to exist. It must also be shown that it was negligently permitted to exist. If risk of harm cannot be foreseen by a reasonably prudent and intelligent man, the risk is not unreasonable, hence there is no negligence, consequently no liability. *Marcott v. Minneapolis, St. P. & S. S. M. R. Co.* 147 Wis. 216, 219, 133 N. W. 37; *Osborne v. Montgomery,* 203 Wis. 223, 234, 236, 234 N. W. 372. It follows that defendant's motions for a directed verdict and the dismissal of the complaint should have been granted.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment dismissing the complaint.