BAUCH and wife, Respondents, vs. STATE FARM ·MUTUAL AUTOMOBILE · INSURANCE COMPANY, Appellant.

*October 16—November 18, 1947.*

For the appellant there was a brief by *Nash & Nash,* and oral argument by *Walter J. Clark,* all of Manitowoc.

For the respondents there was a brief by *Bassuener, Humke, Poole & Axel* of Sheboygan, and oral argument by *P. L. Axel.*

BARLOW, J.    The questions presented are whether Gerald Schroeder was the driver of the automobile at the time of the accident, and if so whether Gordon Bauch assumed the risk of injury in the negligent management and control of the car by Gerald Schroeder.    The jury found for the plaintiffs on both questions and judgment was rendered on the verdict. Appellant contends there is no credible evidence to sustain the finding of the jury on either question.

The accident happened about 1 :15 a. m., August 29, 1944. Gordon Bauch and Gerald Schroeder had known each other since they were children and they were to be inducted into military service on the morning of the accident.    They spent the afternoon of the previous day together making purchases of items to be used in service.    Bauch returned to the home of his parents and Schroeder to the home of his uncle for whom

he had been working as a farm hand during the summer. They had their evening meals and Schroeder visited with friends and relatives until about 10 p. m. After that Schroeder and Bauch met at a near-by tavern, Bauch driving his father's car and Schroeder driving his uncle's car. They remained there until approximately 12:30 a. m. and then decided to drive to Two Rivers and have a lunch. Bauch drove his car to his father's home and left it there, and then got into the front seat of Schroeder's car, which Schroeder was driving. They proceeded on Highway 42 toward Two Rivers. After traveling between six and seven miles, and while traveling in a southerly direction, the car left the highway and came to rest in an upright position against an apple tree in an orchard, twenty-five feet east of the concrete, facing in the opposite direction from which it had been driven. An examination of the ground in the vicinity of the accident showed tire tracks on the east side of the road indicating the car left the concrete approximately six hundred five feet north from where the damaged car was found. The tire tracks were east of the concrete and followed the shoulder and drainage ditch for approximately five hundred feet to a driveway leading into the Petri farm. The driveway was approximately a foot and a half above the level of the area in which the car was traveling. There were no tire marks from the north edge of this driveway to the place where the car was found, which was one hundred five feet south of the driveway, but there was a series of gouges on the grass or sod east of the highway. The tree which the car struck was partially uprooted. Both passengers were thrown out of the automobile at the time of the accident. The lights of the car were still burning.

After the accident Schroeder looked for Bauch and called to him. Not finding him, he walked toward the farm driveway, when Mr. Garceau called to him from the house. Garceau dressed, obtained a flashlight, and they went to the point of the accident. They found Bauch's body to the right of the right

side of the car, with his feet toward the car and about two feet from it, and his head at an angle toward the front of the car. Bauch was dead, the result of a broken neck. He had facial and scalp lacerations and there were small particles of glass imbedded in the lacerations, hair, and clothing. Garceau testified on direct examination that when Schroeder arrived at the Petri home and he inquired what had happened, Schroeder stated that "he had a crash and couldn't find his partner," but on cross-examination he testified he did not know whether Schroeder used the word "he" or the word "we" in reference to the crash. After they arrived at the point of the accident and found Bauch's body Schroeder claimed Bauch was the driver of the car, and at all times thereafter claimed Bauch was the driver.

At the trial Schroeder testified that when they were about two miles from the place of the accident he stopped the car, stepped out on the left side of the car and walked around and re-entered through the right door. In the meantime Bauch had moved over to the driver's seat behind the steering wheel, and drove from that point on. He also testified that he had been working as a thresher during the threshing season and had been out three nights in a row and was very tired and immediately went to sleep. The next thing he knew he felt a bump and was apparently rendered unconscious, but when he came to, the car was in an orchard on the east side of the road and he was lying on the grass.

The burden of proof is on the plaintiffs to establish that Schroeder was the driver of the car when the accident occurred. Appellant argues the physical facts do not warrant the jury in finding, to a reasonable certainty, that Schroeder was the driver of the car at the time of the accident and the finding of the jury rests entirely on speculation and conjecture, relying on *Lansing v. John Strange Paper Co.* (1938) 227 Wis. 439, 278 N. W. 857; *Hyer v. Janesville* (1898), 101 Wis. 371, 376, 77 N. W. 729; and *Baars v. Benda* (1946), 249 Wis. 65, 70, 23 N. W. (2d) 477.

Respondents take the position that where the evidence is conflicting, as it is here, and there is any credible evidence which under any reasonable view will support or admit of an inference that Schroeder was the driver of the automobile at the time of the accident, the proper inference to be drawn therefrom is a question of fact for the jury and should not be set aside under the physical facts in this case, citing *Trautmann v. Charles Schefft & Sons Co.* (1930) 201 Wis. 113, 228 N. W. 741; *Henry v. La Grou* (1929), 200 Wis. 110, 227 N. W. 246; *Hein v. Wendlandt* (1932), 207 Wis. 139, 240 N. W. 815; *Walk v. Boudheim* (1937), 223 Wis. 514, 271 N. W. 27.

Great reliance is had on the fact that the right side of the divided windshield was broken and the left side was not; the broken windshield had jagged edges and fragments; the right door of the car was off, the left door was open and could be opened and closed freely; the steering wheel was not damaged, and the only damage to the inside of the car was the loose seat; there were small particles of glass imbedded in the lacerations, hair, and clothing of Bauch, and none in the wounds or clothing of Schroeder.

Strange things happen in automobile accidents. In many automobile accidents it is difficult to understand why all passengers were not killed when in fact they came out with only slight bruises, and in other instances the physical facts do not seem to warrant the injuries received. Here each boy had a fractured cervical vertebra and a cut on the head, and both boys were thrown from the automobile to the right of where it stood immediately after the accident. The automobile was badly damaged, the top dented, the right door torn off, and the hood completely bent out of position. Every indication is that it either somersaulted or rolled over more than once between the farm driveway and the apple tree it struck. It apparently was traveling very fast when it struck the driveway. Just what happened to the passengers when the automobile struck the driveway and as it rolled over is purely conjecture and speculation. The fact that the right front half of the windshield was

broken is not a physical fact that establishes to a reasonable certainty that it was the driver of the automobile who struck that portion of the windshield and caused it to break. Either party could have struck the windshield, and the fact that Bauch had fragments of glass in his wounds and his clothing after the accident is no proof he was driving or that he was not driving. Both Schroeder and Bauch were on the ground east of the car after it stopped. There is no evidence how they got there, and the position of their bodies is of no assistance in determining who was driving the car at the time of the accident.

While physical facts existent as a matter of common knowledge or established by evidence beyond room for fair controversy may overcome human testimony, *Samulski v. Menasha Paper Co.* (1911) 147 Wis. 285, 133 N. W. 142, the physical facts here relied upon by respondents are clearly as consistent with appellant's contention that Bauch was driving the automobile as they are with respondents' contention that Schroeder was the driver. This is not sufficient to overcome the positive testimony of Schroeder. The finding of the jury that Schroeder was the driver of the automobile is not supported by evidence that takes it out of the realm of speculation and conjecture and it is not within the proper province of a jury to guess where the truth lies and make that the foundation of a verdict. *Hyer v. Janesville, supra.* This makes it unnecessary to consider other questions raised in the case.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment dismissing plaintiffs' complaint.