Hyer vs. The City of Janesville.

Hyer, Respondent, vs. The City of Janesville, Appellant.

*November 24 — December 16, 1898.*

*Municipal corporations: Ice and snow on sidewalk: Personal injury: Court and jury.*

1. An accumulation of snow and ice on a sidewalk in such a ridgy and uneven condition as to constitute an obstruction to public travel, renders it legally defective; but otherwise, a walk merely covered evenly with tramped snow two inches deep, then made rough by being traveled on when the snow is soft and sloppy, and then frozen hard, leaving the surface indented with footprints.

2. Where there is no direct evidence as to how a personal injury occurred, or circumstances from which the reasonable inferences preponderate in favor of a theory rendering the injury actionable rather than in favor of a theory not actionable, the case should not go to the jury for a verdict, but the court should pronounce the judgment of the law on the situation by directing a verdict for defendant.

3. Verdicts must be based on evidence, not on mere conjecture, and where actionable negligence is claimed as to some occurrence, and there is no direct evidence of how it happened, and the inferences are clearly as consistent with a theory rendering it not actionable as with a theory rendering it actionable, there is no adequate basis for a verdict in favor of the plaintiff, hence a verdict should be directed for the defendant.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Reversed.*

Action to recover compensation for personal injuries alleged to have been caused plaintiff by insufficiency and want of repair of a sidewalk in defendant city. The insufficiency alleged consisted of an accumulation of snow and ice, three to ten inches deep on the walk for the whole width and a considerable length thereof, existing for several weeks prior to the injury, to the knowledge of the street commissioner, worn by reason of travel thereon uneven and rough and formed into high ridges. The circumstances of the injury,

as alleged, were that plaintiff, while traveling with due care, struck her foot against one of the ridges of snow and ice, and was thereby made to fall upon the hard, irregular surface of the walk, severely bruising her back and head, and otherwise injuring her. The answer put in issue the allegations as to the insufficiency of the walk, and pleaded contributory negligence.

The evidence showed that the walk had been uniformly cleared off whenever there was a fall of snow during the winter, except it was not cleaned down to the plank surface, there being left some snow which, by tramping, had accumulated quite evenly to the depth of about two inches; that while in such condition it became soft, and was tramped over, leaving footprints therein, when it froze, leaving the walk in a hubby condition, there being depressions all over it to the depth that footprints would naturally make under such conditions. One of plaintiff's witnesses said the walk was kind of icy, with lumps big as one's fist; that it was hard to walk on, that it had been soft, and people had walked on it, and then it froze leaving little bunches. Another witness said the walk was made rough by people walking on the soft snow, leaving footprints which froze; that the Tuesday before the injury the walk was not that way; that the depressions in the surface were caused by the heels of shoes going down to the counter. There was considerable evidence of like character. Soon after the accident, and before any material change had taken place in the walk, it was photographed, and the result was produced in evidence, corroborating what has been stated, except the indentations in the walk were not sufficient to be clearly perceptible in the photograph. It showed the walk covered with a thin coating of snow and ice, tramped to a uniform level for the whole width and not entirely smooth, but without irregularities, as stated, sufficient to be clearly perceptible in the picture. The evidence of how the accident occurred was

that while plaintiff was walking on the sidewalk she suddenly fell backward, striking first on her hips, then on the back of her head near the top.

The court was requested to direct a verdict in defendant's favor, which was refused. The jury rendered a verdict for plaintiff, on which judgment was rendered. There was a motion before judgment to set the verdict aside and for a new trial, which was refused and the ruling duly excepted to.

*F. C. Burpee*, city attorney, and *William G. Wheeler*, of counsel, for the appellant.

*J. J. Cunningham*, attorney, and *John A. Aylward*, of counsel, for the respondent.

MARSHALL, J. Appellant contends that the trial court should have directed a verdict for defendant because of an entire failure of proof to sustain the allegations of the complaint, as regards failure of duty on defendant's part respecting the safety of the walk and that the injury complained of was occasioned thereby. The complaint states a case well within the authorities as to actionable failure of duty respecting sidewalks, by allowing an accumulation of snow and ice thereon in such form as to constitute an obstruction to public travel independent of a mere slippery or rough condition caused by ice and snow. It states that for a long time prior to the accident there was an accumulation of snow and ice from three to ten inches deep extending clear across the walk; that it was rough, uneven, and in high ridges, and that such condition had existed for several weeks; but we look into the evidence in vain to find testimony to sustain such allegations. The most the evidence shows is that a few days before the injury there was a coating of about two inches in depth of snow, packed hard evenly over the walk by travel; that the walk had been in that condition for some time; that the weather turned warm, causing

the snow to become soft, wet, and sloppy, and then suddenly turned cold, causing ice to form with such footprints therein as would naturally be made by travel under such conditions. The bed of ice and snow three to ten inches deep, mentioned in the complaint, does not appear to have been observed by witnesses, nor the high ridges spoken of, nor the long-continued defective condition. True, the evidence shows that the walk had not been entirely free from snow since soon after the commencement of the winter season, but it was free except as stated. A small amount accumulated from frequent falls of snow so that, in its tramped condition, it was about two inches deep. That did not in any way interfere with public travel, or constitute any obstruction to such travel or defect in the walk. It was such an accumulation of snow as is usually found on walks in the resident portions of cities and villages in the winter season in this climate.

If the walk was defective at all at the time of the injury, it was wholly caused by the sudden freezing of the soft, slushy snow, spread evenly over it except as it was indented by footprints therein. Reasonable care did not require the walk to be scraped clean, down to the planking, or that mere footprints made in the soft snow and frozen in that condition should be removed. They did not cause any obstruction to or render travel on the walk dangerous, tested by the standard of reasonable safety under the circumstances. The furthest the courts have gone on this question is to hold that snow and ice allowed to accumulate on a walk in an uneven and ridgy condition so as to constitute an obstruction to public travel, renders it defective, and actionably so. Such was *Koch v. Ashland*, 88 Wis. 603, where snow had been permitted to accumulate upon the sidewalk until travel over it had formed a ridge twelve or fourteen inches high, which was rough and slippery. Also *West v. Eau Claire*, 89 Wis. 31, where there was a high ridge of ice formed on the walk by the course of travel, combined with

a defect in the walk itself by reason of there being a hole
therein. In *Perkins v. Fond du Lac*, 34 Wis. 435, it was
held that hard snow and ice spread evenly over the surface
of a walk does not constitute a defect; and to the same ef-
fect is *Grossenbach v. Milwaukee*, 65 Wis. 31; *Chamberlain
v. Oshkosh*, 84 Wis. 289, and many other cases that might
be cited, all going upon the ground that such a condition is
so common and natural everywhere in this climate in the
winter season, and the municipal authorities so powerless to
prevent it, or, with any reasonable certainty, to remove it
at all without great expense, that it would be exceedingly
oppressive and unreasonable to require it. The test of pub-
lic duty is to be made by what is reasonable under all the
circumstances. So it has been held that mere slipperiness,
caused by the formation of ice evenly on a walk, or a coat-
ing of snow and ice, may exist without constituting any de-
fect in the walk inconsistent with full performance of public
duty, and, necessarily, the same must be true as to what
would necessarily and unavoidably follow from the exist-
ence of such a condition, that is, that the thin coating of
snow would become soft in warm weather, then suddenly
freeze, leaving a roughened surface caused by footprints.
If some previous defect combine with the icy condition,
then the situation is different, as in *Beaton v. Milwaukee*, 97
Wis. 416; or if by reason of use the walk becomes worn
into a dangerously uneven condition, as in *Paulson v. Peli-
can*, 79 Wis. 445. In *Harrington v. Buffalo*, 121 N. Y. 147,
we have a case quite like this. Snow accumulated evenly
over the walk to the depth of several inches, then became
soft, wet, and sloppy, then suddenly froze hard, leaving the
surface roughened by numerous footprints. In such situa-
tion the court said, in substance, that the walk presented
no unusual appearance for cities in this variable and severe
climate, and caused no more of an obstacle to reasonably
safe passage of pedestrians than frequently exists in cities

and villages during the cold season; and we may add, than may reasonably be expected by any person of average intelligence. A municipality could no more be expected to guard against the mere rough condition of a walk, caused by the sudden freezing of a thin coating of soft and sloppy snow thereon, than against the slippery condition caused by a smooth surface of ice on the walk.

On the subject of how the accident occurred the evidence is entirely silent. Plaintiff says she must have struck her heel against one of the lumps of ice, and slipped and fell backward. That of course was not only an unreasonable conclusion from the situation, but was not evidence in the case to properly be considered by the jury. The effect of plaintiff's evidence is simply that while she was passing along the walk she suddenly fell backward and received the injury of which she complained. On that, and the evidence as to the rough condition of the walk, it was left to the jury to say whether plaintiff merely slipped upon the icy surface of the walk because of its general slippery condition, or was caused to fall by her feet coming in contact with an obstruction in the walk which rendered it defective and unsuitable for public travel. From the fact that the fall was backward, and there was nothing to indicate that it was caused by striking any obstacle in the walk, the theory that plaintiff's feet slipped forward on the icy surface is much more reasonable than any other that can be based on the evidence. If the fall were caused by the mere slippery condition of the walk it is conceded that there would be no right to recover for the injury received. It has been said by th's and other courts repeatedly, and is the established law, that a jury cannot properly be allowed to determine disputed questions of fact from mere conjecture. There must be some direct evidence of the fact, or evidence tending to establish circumstances from which a jury would be warranted in saying that the inferences therefrom clearly preponderate in favor

of the existence of the fact, else the question should not go to the jury for determination at all. To allow a jury to reach a conclusion in favor of the party on whom the burden of proof rests, by merely theorizing and conjecturing, will not do. There must at least be sufficient evidence to remove the question from the realms of mere conjecture, else the trial court should pronounce the judgment of the law on the situation by taking the case from the jury when requested so to do. *Sorenson v. Menasha P. & P. Co.* 56 Wis. 338; *Smith v. C., M. & St. P. R. Co.* 42 Wis. 520; *Morrison v. Phillips & C. Const. Co.* 44 Wis. 405; *Taylor v. Yonkers*, 105 N. Y. 202; *Finkelston v. C., M. & St. P. R. Co.* 94 Wis. 270; *Cawley v. La Crosse City R. Co., ante*, p. 145; *Asbach v. C., B. & Q. R. Co.* 74 Iowa, 248; *Philadelphia & R. R. Co. v. Schertle*, 97 Pa. St. 450; *Tyndale v. O. C. R. Co.* 156 Mass. 503; *Baulec v. N. Y. & H. R. Co.* 59 N. Y. 357; *Hughes v. Cincinnati, etc. R. Co.* 91 Ky. 526.

In a case like this it is incumbent upon the plaintiff to show by evidence, with reasonable distinctness, how and why the accident occurred. *Morrison v. Phillips & C. Const. Co., supra.* To present two or more states of a case upon which a jury may theorize as to the real cause of the accident, putting one conjecture against another and determining which is the more reasonable, comes far short of making a case. *Hayes v. Forty-second St. & G. S. F. R. Co.* 97 N. Y. 259. An examination of the numerous authorities cited will disclose that the principle of law does not admit of question or exception, that where there is no direct evidence of how an accident occurred, and the circumstances are clearly as consistent with the theory that it may be ascribed to a cause not actionable as to a cause that is actionable, it is not within the proper province of a jury to guess where the truth lies and make that the foundation for a verdict. As said in effect by the learned court in *Philadelphia & R. R. Co. v. Schertle, supra*, the direct effect of such a course of procedure would

be to take the property of one person and pass it over to another by the mere form of law, ignoring the principles essential to make the administration of law and the administration of justice identical. The evidence here comes far short of what is said in many of the authorities cited to be clearly insufficient. The theory that plaintiff fell by reason of the walk being uneven is not as reasonable as that she fell because of its being merely slippery.

The conclusion reached is that there was a failure of proof as to the sidewalk being defective, and also a failure of proof as to whether plaintiff fell and received her injury by reason of the alleged defects in the walk. Hence, the court should have taken the case from the jury by directing a verdict in favor of the defendant, and for the same reason should have set the verdict aside and granted a new trial.

*By the Court,*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.