SHARKEY, Respondent, vs. SHURMAN and another, imp., Appellants.

*November 7—December 2, 1919.*

*Negligence: Driver jumping from wagon:˙Evidence: Appeal: Review of verdict.*

1. A verdict approved by the trial court must be sustained on appeal if there is any credible evidence to support it.
2. A finding of negligence cannot rest upon mere conjecture.
3. A delivery boy, driving a horse and wagon which his employer had hired from a public livery stable, who jumped from the vehicle when a line broke after the right thill fell from the axle, was not negligent .in what he did, and, the jury having found no negligence on the part of the liveryman in letting out the rig or the employer in using it, a person who was run down by the horse and wagon could not recover from the employer.

APPEAL from a judgment of the circuit court′for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Reversed.*

The defendants *Shurman* are copartners in a general. retail grocery business in the city of Fond du Lac.    The defendant Sheridan is the owner and keeper of a public livery stable in said city.    One Clarence Miller was in the employ of the defendants *Shurman,* and on the 18th day of June,

1917, was driving, on one of the streets of Fond du Lac, a horse and delivery wagon rented from the defendant Sheridan. The fastening which held the thill to the wagon became loosened on one side and the thill dropped down. The driver endeavored to stop the horse, when one of the lines broke. He then jumped from the wagon, the horse ran down the street, onto the sidewalk, and injured the plaintiff. The jury found: (1) That the device for fastening the right thill to the axle was in a reasonably safe condition at the time the defendant Sheridan let out the rig to the defendants *Shurman* on the day of the injury. (2) That the line that broke was in a reasonably safe condition at that time. (3) That the device for fastening the right thill to the axle was *not* in a reasonably safe condition at the time the thill fell down. (4) That the defendants *Shurman* used ordinary care in permitting the device to get in the unsafe condition. (5) That the driver did not use ordinary care in doing as he did when the thill fell down. (6) That the want of ordinary care on the part of the driver was the proximate cause of the plaintiff's injury. (7) Assessed the plaintiff's damages at the sum of $491.12. Judgment was rendered for the plaintiff upon the verdict, and the defendants *Shurman* appeal.

The cause was submitted for the appellants on the brief of *R. L. Morse,* and for the respondent on that of *Reilly & O'Brien,* all of Fond du Lac.

ROSENBERRY, J. The only question raised upon this appeal is whether or not there is evidence sufficient to sustain the finding that the driver was guilty of a lack of ordinary care in doing as he did at the time the thill fell down. The verdict having been approved by the trial court, it must be sustained if there is any credible evidence to support it.

It appears that the first event in the series of events which resulted in the injury of the plaintiff was the falling down

of the thill.    The jury by its verdict negatived negligence
on the part of the liveryman in letting out the rig and of the
defendants *Shurman* in using the rig in the condition in
which it was.    Whatever was done by the driver was done
by him in the presence of immediate and great danger.    In
his effort to stop the horse, the line, which the jury found
was in a reasonably safe condition, broke.    While the line
was found wound around the wheel, there is no evidence to
show that the line broke after the driver jumped.    We
then have the situation of the driver on the wagon, with the
thill fastening on the right side loose, one line broken, and
the horse proceeding down the street at a rapid rate of
speed.    The court instructed the jury as follows:

"You will also consider that when one is suddenly put
in a position of danger requiring one to act quickly and
determine his course of conduct in order to avoid injury to
others or to himself, it is not necessary that he take the
course that in retrospect seems would have been wisest or
safest.    If the boy exercised his own judgment as to the
best means of avoiding injury, and acted upon it, that is
sufficient, although it now seems likely that had he acted
otherwise he might have avoided injury to the plaintiff."

This is a correct statement of the law, but respondent con-
tends it is not applicable for the reason that the dangerous
situation in which the driver found himself was of his own
creation.    We find no evidence in the record to sustain that
allegation.    In fact the verdict of the jury plainly negatives
that conclusion.    The dangerous situation arose when the
thill fell down.    The driver was not to blame for that.
While it may be that had the driver clung to the single line
he might have avoided an injury to the plaintiff, such con-
duct might well have resulted in injury to someone else as
well as to himself.    We find nothing in the record to show
that the driver did not do what an ordinarily prudent per-
son in the same circumstances would have done.    The jury
have found no negligence on the part of the defendants
*Shurman* in using the thill in the condition in which they

received it from the liveryman.    The dangerous situation having arisen without negligence either on the part of the liveryman in letting out the rig or the defendants *Shurman* in its use, we find no evidence upon which the finding that the driver was negligent in doing as he did at the time of the accident can be based.    It does not appear that even had the very highest degree of skill and care been used an accident would have been prevented.    It is not sufficient to say that it might have been prevented.    A finding of negligence cannot rest upon mere conjecture.    *Hyer v. Janesville,* 101 Wis. 371, 77 N. W. 729.

*By the Court.*—Judgment reversed, with directions to dismiss the complaint.