Baars and another, Appellants, vs. Benda and another, Respondents.

*May 22—June 22, 1946.*

*Alvin L. Zelonky* of Milwaukee, for the appellants.

For the respondents there was a brief by *Lane & Harrington* of Milwaukee, and oral argument by *James W. Lane.*

WICKHEM, J. The principal question in this case is whether the trial court was warranted in changing the answers of the special verdict, and this, in turn, is determined by ascertaining whether the record discloses any evidence of defendant's negligence. · This requires an examination of the facts.

Plaintiffs are husband and wife and were guests of defendant on a hunting trip to northern Wisconsin. While the men were hunting, Mrs. Baars remained in or about the automobile. The accident occurred while returning from the hunting grounds to the place where the parties were staying. The time of the accident was between 5:30 and 6:30 p. m., on November 28, 1943. Defendant proceeded along two state highways and then turned onto County Highway C, upon which the accident occurred. He had switched on his lights before he entered Highway C. Highway C was from thirty-

five to forty feet wide. There were snowbanks on each side. There had been a few slippery spots on the state highway. Defendant proceeded at a moderate rate of speed with the left side of his automobile approximately four feet from the center of the road. There was a ditch about fifteen feet from the edge of the road, and the right side of defendant's car was approximately twenty-two to twenty-three feet from the edge of the ditch as he was driving. Benda was injured and does not remember getting off the highway. All that any of the others remember is that the car suddenly left the highway and went into the ditch on the right-hand side, the nose being in the snowbank. After the accident the steering apparatus was "knocked out of kilter." That, in substance, is all the evidence in the case.

Plaintiffs argue that by operation of the rules relating to presumptions, as well as the rule of *res ipsa loquitur,* there were jury questions as to lookout, management and control. Plaintiffs claim that sec. 85.15 (1), Stats., is applicable. This subsection requires that "Upon all highways of sufficient width, except upon one-way highways, the operator of a vehicle shall operate the same upon the right half of the roadway." "Roadway" is defined in sec. 85.10 (21) (e) as "that portion of a highway between the regularly established curb lines or that portion which is commonly used by vehicular traffic." Plaintiffs argue that since defendant drove off the traveled portion of the highway and into the ditch he presumably violated a safety statute, and that the burden is upon him to show that his actions were involuntary and nonnegligent. Since defendant concededly did not sustain this burden, plaintiffs claim that the jury could infer that the car got into the ditch through defendant's negligent management, and there being no evidence that defendant was not a skilled driver could also infer that defendant's negligence constituted a failure conscientiously to exercise his skill and experience. Plaintiffs rely upon *Seligman v. Hammond,* 205 Wis. 199, 202, 236 N. W.

115. In that case a collision occurred because of the sudden turning by defendant's car to the wrong side of the road. The jury, while finding that defendant had driven his car to the left of the center of the highway, exonerated him from negligence. The trial court set this aside on the ground that driving on the left-hand side of the road was negligence as a matter of law. This court reversed, (1) because defendant was killed in the accident and there was a presumption of care on his part; (2) because this rebutted the presumption of negligence arising from his presence on the wrong side of the road and left the burden with plaintiff to establish that he was there through want of ordinary care; (3) because the left front tire was flat and this warranted an inference that a blowout precipitated defendant to the wrong side of the road. It is definitely held that sec. 85.15 (1) has no application to situations where the car on the wrong side of the road was not deliberately driven there but was forced out of its proper path by circumstances beyond the control of its driver, but it was also said that "If there was no evidence in the case except the bare fact that Orth turned to the left, there would be no escape from the conclusion that he was guilty of negligence as a matter of law."

Plaintiffs argue that the above quotation governs this case since there is involved here an apparent violation of sec. 85.15 (1), Stats., without any showing on the part of defendant of circumstances repelling an inference of negligence; that the most defendant could claim is that the jury might exonerate him but that it was not within the province of the trial court to do so.

Defendant relies upon *Klein v. Beeten,* 169 Wis. 385, 388, 172 N. W. 736. In that case defendant delivered some meat at a farmhouse with an automobile. The farmer's child asked to ride with him on the return trip. While returning on a smooth turnpike road thirty feet wide the automobile suddenly turned to the left, ran into a gutter and overturned. The

boy was killed. There was no evidence of negligence other than the fact that the car suddenly sheared to the left and went into the gutter. The left front tire was deflated. Plaintiff relied upon the doctrine of *res ipsa loquitur,* contending that an inference of negligence is permissible from the fact that the accident happened on a smooth, straight road which was in good order. The court stated that "Granting that the accident might have been the result of negligent operation of the car, the evidence certainly discloses a possibility that the accident might have been the result of the blowout." The court was there dealing with an appeal from a judgment based upon a directed verdict for defendant. It held that the jury could only guess at the cause of the accident. Plaintiffs distinguish this case because there was no deflated tire here, and no evidence that the injury to the steering wheel was not wholly sustained in the accident.

Defendant's contentions are that the evidence shows his car to have been proceeding at a moderate rate of speed in its proper place on the highway, and that it suddenly left the road; that this leaving of the road in Mrs. Baars' language was "so quick, all I remember is the bump;" that the mere fact that defendant's car left the highway is not sufficient to carry the case to the jury; that sec. 85.15 (1), Stats., has no application to this situation since it simply establishes a requirement that cars be operated on the right side of the road, and that there was no violation of this statute because defendant did drive his car upon the right side of the road; that in the *Seligman* and *Beeten Cases, supra,* defendant invaded the wrong side of the highway and rendered applicable sec. 85.15 (1); that the doctrine of *res ipsa loquitur* is inapplicable; that in these cases the circumstance that a deflated left front tire could account for the sudden invasion was held to make the cause of the accident a matter of speculation; that in this case the jury could only guess whether a broken steering wheel or negligent operation caused the accident.

We think that the ruling of the trial court was correct. It was held in *Linden v. Miller,* 172 Wis. 20, 177 N. W. 909, that the doctrine of *res ipsa loquitur* does not usually apply to such accidents. Sec. 85.15 (1), Stats., clearly does not apply to this situation because that statute has for its design and purpose the keeping of cars on the right-hand side of the highway and is not a general management-control statute. We find no evidence whatever of negligence in respect of lookout or, indeed, in any other respect up to the time of the accident. After the accident the steering apparatus was broken but there is no evidence from which it can fairly be inferred that it was broken by contact between the automobile and the ditch. It appears to us that the jury could only speculate whether the accident was caused by a sudden giving way of the steering apparatus or by some negligent conduct on the part of defendant. Either one is a possibility, but the record offers no material from which the jury could prefer one explanation of the accident to the other. This renders applicable the doctrine of *Hyer v. Janesville,* 101 Wis. 371, 377, 77 N. W. 729, in which the court said:

"Where there is no direct evidence of how an accident occurred, and the circumstances are clearly as consistent with the theory that it may be ascribed to a cause not actionable as to a cause that is actionable, it is not within the proper province of a jury to guess where the truth lies and make that the foundation for a verdict."

For the foregoing reasons we conclude that the matter was correctly disposed of by the trial court.

*By the Court.*—Judgment affirmed.