[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 306 
Plaintiff sought damages for injury to its property. After verdict for plaintiff, plaintiff moved for judgment on the verdict and defendant moved for judgment notwithstanding the verdict or, in the alternative, a new trial. The motion for new trial was granted. Plaintiff has appealed and defendant noticed a motion to review. The action was begun June 8, 1948, and the order was entered February 10, 1949.
The material facts are as follows: Matson operated a truck line and employed a driver named Bailey. He forbade Bailey to let anyone else drive. One night while returning from a trip, and white on Matson's business, Bailey permitted one Nielson to drive while Bailey sat beside him. In going through the city of Menomonie, and at a place where the street curved to the left, Nielson drove so near the right curb *Page 307 
that the side of the truck struck plaintiff's pole, located close to the curb, and broke it causing damage also to plaintiff's surrounding installations. Bailey was not watching but felt the bump. Nielson did not stop nor report the accident and the trip was completed without further incident. Nielson was not at the trial. Bailey was dozing at the time of the collision and does not know what happened. There were no other eyewitnesses. The side of the truck's box was later found to be damaged and some of its contents were found at the pole. The jury found Nielson causally negligent as to lookout. The court submitted no question concerning the relationship between Nielson and Matson, and none, though it was requested by defendant, concerning plaintiff's contributory negligence. Other material facts will be stated in the opinion.
The issues for our consideration are primarily these: Does the finding of causal negligence on the part of Nielson rest on mere speculation? Is Matson responsible to third parties for the results of such negligence? Should there have been a question in the special verdict on plaintiff's contributory negligence?
There was no witness at the trial who saw a collision between Matson's truck and the plaintiff's pole, and Matson submits that the jury's finding that such a collision occurred rests only on speculation. There is no merit in this contention. Bailey was dozing but was aroused at the time and place by a bump; later the side of the truck's box was found to be broken and the contents of the box were found strewn *Page 308 
about the broken pole. Evidence in support of the finding is not only ample; it is practically conclusive.
Next Matson submits that the finding of causal negligence as to lookout on the part of Nielson rests on speculation. We must concede that there is no evidence whatever of Nielson's conduct or of events in the period immediately preceding the collision. Unless the unexplained occurrence of the accident raises a presumption or permits inferences of negligence the finding is without support and if it falls plaintiff's whole case falls with it. Defendant's motion for judgment dismissing the complaint should have been granted unless this is a case where the doctrine of res ipsa loquitur may legitimately be employed. In Kirst v. Milwaukee, Lake Shore § WesternRailway Co. (1879), 46 Wis. 489, 492, 1 N.W. 89; Cummingsv. National Furnace Co. (1884), 60 Wis. 603,18 N.W. 742, 20 N.W. 665; and Dunham v. Wisconsin Gas §Electric Co. (1938), 228 Wis. 250, 280 N.W. 291, recovery was permitted under that doctrine which was expressed in each of those cases as follows:
"`. . . where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care.'"
In the Kirst Case the defendant railroad received the plaintiffs' carboys in good condition and delivered them broken. The question of the liability of the carrier as insurer was not in issue. Defendant argued that plaintiffs must show affirmatively in what respect defendant was causally negligent. Mr. Justice COLE held that an inference of negligence may be made, in the absence of a full explanation by the carrier, where the breakage occurred from switching which, in the ordinary course of things, does not happen if those who have charge of the train use proper care. In the Cummings Case
the plaintiff was injured when a bucketful of iron ore was *Page 309 
dumped upon him. The man who handled the trip rope was not put on the stand. Mr. Justice TAYLOR spoke for the court thus (p. 611):
"The accident itself was of such a character as to raise a presumption of negligence either in the character of the machinery used or in the care with which it was handled; and as the jury have found the fault was not in the machinery, it follows that it must have been in the handling; otherwise there is no rational cause shown for its happening."
and the court held the question of negligence was properly submitted to the jury. In the Dunham Case defendant's truck bearing a coil of wire was driven along the highway in some manner the end of the wire came adrift, whipped along after the truck, caught the plaintiff by the leg and injured her. The court, by Mr. Justice NELSON, said (p. 257):
"The fact that the wire was so trailing `speaks for itself, ' and permits of the inference that the defendant company, or its servants, did not exercise ordinary care in securing the ends of the wire in question. We think, therefore, that the court properly instructed the jury that the doctrine of resipsa loquitur was applicable to the facts adduced, and that the finding of the jury that the trailing of the wire was due to a want of ordinary care on the part of the defendants, is supported by the evidence."
In Koehler v. Thiensville State Bank (1944),245 Wis. 281, 14 N.W.2d 15, a tear-gas device unexpectedly went off in defendant's bank injuring plaintiff. The device had been inspected and found to be in good condition before the occurrence. Aside from improper installation or maintenance it could be operated only by a push button or pedal. There Was no testimony as to what actually set it off but the record eliminated some inferences until only the inference of negligent manual operation remained. We held that res ipsaloquitur applied and under this rule the negligence of the bank was general and alternative. Judgment for the plaintiff was affirmed. *Page 310 
Heretofore we have not applied the doctrine of res ipsaloquitur to automobile collisions. In Linden v. Miller
(1920), 172 Wis. 20, 177 N.W. 909, a collision caused by skidding on an icy pavement, we said (pp. 22, 23):
"As a rule, in auto collisions the direct cause of the accident and the controlling circumstances attendant thereon are usually not so within the control of a driver as to raise a presumption of negligence on his part. In other words, the doctrine of res ipsa loquitur does not usually apply to such accidents."
It will be noted that the court has not said res ipsa loquitur
will not be applied in an automobile case. We have said that "the rule is usually not applicable," or "it does not apply in the ordinary case." Inferentially, when the unusual and extraordinary case come along, the rule is available.
In Baars v. Benda (1946), 249 Wis. 65,23 N.W.2d 477, we declined to apply it and said the rule of Hyer v.Janesville (1898), 101 Wis. 371, 377, 77 N.W. 729, governed, stated as follows:
". . . where there is no direct evidence of how an accident occurred, and the circumstances are clearly as consistent with the theory that it may be ascribed to a cause not actionable as to a cause that is actionable, it is not within the proper province of a jury to guess where the truth lies and make that the foundation for a verdict."
In Klein v. Beeten (1919), 169 Wis. 385, 172 N.W. 736, we said that while the inferences allowed by the doctrine ofres ipsa loquitur constitute proof of negligence, it is only where the circumstances leave no room for a different presumption that the maxim applies.
In Klein v. Beeten, supra, and in Baars v. Benda, supra, automobiles ran off the road and passengers were injured. After the accident a flat front tire was found in the first case and a broken steering gear in the second. In each of these actions we held that res ipsa loquitur did not apply because *Page 311 
the defects may have preceded and caused the accident or they may have been caused by the car hitting the ditch. The circumstances were as consistent with the nonactionable as with the actionable cause and the jury was not allowed to speculate between them, to guess (as we said in Baars v.Benda, p. 69) whether it was the broken steering gear or negligent operation which caused the accident. It wilt be observed that in each case the record discloses and the court refers to the actual presence of an alternative possible cause of the accident which does not involve negligent operation, showing the rule in automobile cases to be the same as in other negligence actions and as stated in the passage just quoted from Hyer v. Janesville, supra.
Counsel has suggested that the driver of the Matson truck may have been forced into the telephone pole by another car or perhaps a man stepped in front of the truck causing him to swerve. This will not do unless it is shown that there was such other truck or man. Until then the circumstances are not consistent with any theory save negligent operation. As well might the defendant in Dunham v. Wisconsin Gas §Electric Co., supra, have suggested that a small boy might have meddled with the coiled wire. The jury may not guess that an actionable cause rather than one not actionable produced the accident when the possible nonactionable cause is present in the evidence of the circumstances, but when the nonactionable cause is present only in the imagination the question of speculation between the two or more possible causes does not arise.
The opinion in Storlie v. Hartford Acc. § Ind. Co.
(1947), 251 Wis. 340, 28 N.W.2d 920, does not support the reasoning nor the conclusions of the foregoing analysis. In that case a car ran off the road and plaintiff, a passenger, was injured. The driver did not testify and the only wakeful passenger did not know why the automobile left the highway. There was no evidence of any nonnegligent circumstance or *Page 312 
condition or conduct to cause the accident. We said we could not distinguish the case from Holborn v. Coombs, (1932),209 Wis. 556, 245 N.W. 673, and from Baars v. Benda
(1945), 249 Wis. 65, 23 N.W.2d 477, and on their authority said the finding of negligent operation was without basis in the evidence. We think now that those cases can be distinguished.
Holborn v. Coombs, supra, involved a collision between two automobiles. Testimony of a witness tended to establish defendant's negligence but was held incredible because the physical facts conclusively contradicted it. With that eliminated, no proof of defendant's negligence was left. The doctrine of res ipsa loquitur was never appropriate to the situation and there was no reliance upon it by the parties or by the court. Baars v. Benda, supra, has been discussed. There a nonactionable cause of the accident appeared in evidence which made Hyer v. Janesville, supra, applicable. In the Storlie action causal negligence of the driver appears to have been assumed on the trial. The jury found the plaintiff guilty contributory negligence and assumption of risk. Our opinion discussed these propositions at length but rested our decision on the failure of the plaintiff to prove defendant's negligence. Upon the principles laid down herein the court concludes that negligence, in the absence of satisfactory explanation by the defendant, was sufficiently established, but the result would have been unchanged since assumption of risk would then have defeated plaintiff's recovery.
In the instant case defendant's truck proceeded on its errand after the collision, unimpaired in any way affecting its controls, thus ruling out the possibility of mechanical failure. The imaginary traffic conditions have been commented upon. Nothing is left which can rationally explain the collision except negligence on the part of the driver. There are no circumstances which leave room for a different presumption. As in the Thiensville State Bank Case, the record has eliminated the inferences until only those of negligent operation *Page 313 
remain. We reach the conclusion, therefore, that Hyer v.Janesville, supra, does not apply to the case at bar because there are not present circumstances clearly as consistent with the theory that the accident may be ascribed to a cause not actionable as to a cause that is actionable. On the contrary, we have the essential elements of the Kirst, Cummings, andDunham Cases already discussed; a thing in good mechanical order, under the management of the defendant or his servants, strikes a roadside installation belonging to the plaintiff. This is an accident which in the ordinary course of things does not happen if those who have the management use proper care. Thus it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care. Explanation by the defendant is withheld so the reasonable evidence of negligence afforded by the accident itself sustains a finding of causal negligence. In such circumstances it is immaterial whether the negligence was in respect to lookout, management and control, position on the highway, or whatever other component of negligent driving counsel or the trial judge might suggest. Selection is unimportant when the res has spoken and the defendant has not explained.
The negligence of the driver, Nielson, being sufficiently established we come to the assertion that Nielson was not defendant's agent. The authorized driver, Bailey, testified on an adverse examination before trial, which was received in evidence by stipulation, that he had been forbidden to let anyone drive the truck except himself. In such cases of unauthorized delegation some authorities hold that the master is not liable for the negligence of the strange driver. Others say he is liable where, as here, the authorized driver remains present to exercise supervision and control. This is as far as the facts of the case compel our consideration. We have no hesitation in saying that in such a case the truck owner is liable for injuries inflicted on third persons by his truck negligently driven on the owner's business. This is consistent with our decisions in Thomas v. Lockwood Oil *Page 314 Co. (1921 ), 174 Wis. 486, 182 N.W. 841, and Thomas v.Lockwood Oil Co. (1922), 178 Wis. 599, 190 N.W. 559. Accordingly the defendant, Matson, was liable for the results of Nielson's negligent driving.
Given damage caused by the negligence of the defendant's agent, plaintiff's contributory negligence enters the case. Matson requested an answer by the jury concerning plaintiff's negligence in placing its pole so close to the highway that it might be struck. The learned trial judge refused to submit such a question. In Druska v. Western Wis. Tel. Co.
(1922), 177 Wis. 621, 189 N.W. 152, we allowed a recovery for plaintiff's damages when her host's car ran off the road and struck defendant's pole located four feet from and somewhat higher than the highway, thereby sustaining a jury finding that a cause of her injuries was defendant's planting the pole where it constituted an obstruction to traffic. On the authority of that case, the present plaintiff's pole being only one foot from the curb, the refusal of the request was error for which a new trial must be granted.
We have examined the other assignments of error made by both plaintiff and defendant but do not find anything to change the result.
By the Court. — Order affirmed.