BRANDT, Appellant, vs. MATSON, Respondent.

*January 10—February 7, 1950.*

316

For the appellant there was a brief by *Slocumb & Bundy* of Menomonie, and oral argument by *R. E. Bundy* and *Ira O. Slocumb*.

For the respondent there was a brief by *Stafford & Stafford,* attorneys, and *R. F. Pfiffner* of counsel, all of Chippewa Falls, and oral argument by *Mr. Pfiffner*.

BROWN, J. This case is ruled by our decision in *Wisconsin Telephone Co. v. Matson,* ante, p. 304, 41 N. W. (2d) 268, in that Matson's truck driven by Nielson is determined to have struck the telephone pole, that such collision was caused

by the negligent driving of Nielson, and that Matson is responsible for resulting damage to a third person in the absence of such person's contributory negligence.

The special verdict contained no question directly asking the jury if Nielson's negligent driving was the proximate cause of the collision plaintiff's truck had with the sagging cable. We think that only an affirmative answer could be given to that under the evidence and will not direct a new trial because the question was omitted. Questions were submitted asking whether Nielson was negligent in failing to stop and notify the telephone company of the damage to its property and whether such failure caused the collision of the Brandt vehicle with the cable. The jury answered "Yes" to both. Testimony concerning Peterson's speed placed it at twenty-five to thirty-five miles per hour. His estimate of a mile as the distance between his van and Matson's truck was not contradicted. At twenty-five miles per hour he would have reached the scene in two minutes twenty-four seconds after the truck had struck the pole. While we doubt that any effort to notify the telephone company could have prevented the second accident because of the short time involved, we consider this immaterial because the effects of Nielson's negligent collision with the pole persisted to cause the damage to Brandt's van.

The jury was also asked if plaintiff's driver, Peterson, was negligent as to lookout, and answered "No." Defendant requested a question whether Peterson was negligent in driving with his headlights set on the low beam. The court refused the request. Peterson had testified that visibility was good under the city street lights at the scene of the accident, but he was watching the road around the curve and was not looking for anything coming down from the air. We consider the question as to lookout was sufficient upon this testimony and it was not error to refuse a separate question concerning the headlights.

After verdict, which answered all questions in plaintiff's favor, the learned trial court denied plaintiff's motions for judgment on the verdict and granted a new trial because: (1) He thought it error to exclude Matson's evidence that he had forbidden Bailey to let anyone else drive; (2) he thought it error to admit Bailey's adverse examination in evidence; (3) in the interests of justice.

The adverse examination was introduced by consent of defendant's counsel. Hence, there was no error in its admission. It contained Bailey's statement that Matson had forbidden him to let others drive. The statement was never disputed. Matson's evidence would be merely cumulative and its exclusion was not prejudicial, particularly as we have held him liable for the substitute driver's negligence even though the delegation by Bailey was contrary to orders.

The order directing a new trial was not warranted by the record and must be reversed.

*By the Court.*—Order reversed and cause remanded with directions to enter judgment for plaintiff on the verdict.