**Eleanor VAN DYKE, Plaintiff,**

v.

**MERCHANTS INDEMNITY CORPORA-TION OF NEW YORK, Defendant.**

**No. 61-C-240.**

United States District Court
E. D. Wisconsin.
March 27, 1963.

Norman Fritz and Willis J. Zick, Wau-kesha, Wis., for plaintiff.

James T. Murray, Milwaukee, Wis., for defendant. Arnold, Murray & O'Neill, Milwaukee, Wis., of counsel.

GRUBB, District Judge.

Defendant has moved for summary judgment in this action for recovery of damages for injuries allegedly sustained when the automobile in which plaintiff was a passenger left its lane of traffic and struck a utility pole.

At the time of the accident the auto-mobile was being operated by plaintiff's

deceased husband who was pronounced dead shortly after the occurrence. The accident occurred on December 16, 1960, at about one o'clock in the afternoon. The pavement was dry and the day was clear. Plaintiff has no recollection of the events immediately preceding the accident, the driver was either dead or unconscious immediately after the accident, and no witnesses thereto have been located.

An autopsy report reveals that the death of the driver was due to coronary artery disease. Defendant further offers affidavit medical opinion that the injury sustained by the deceased in the accident was not sufficient to have caused his death. Plaintiff has submitted counteraffidavits of medical opinion that the fatal heart attack might have been precipitated by emotional stress or excitement.

 Under the pleadings of this case—a "no-witness" occurrence involving a single vehicle which left its proper lane of travel and struck a stationary object—plaintiff could invoke the doctrine of *res ipsa loquitur* to prove her cause. The automobile was in the sole care of the driver who is charged with negligence. The accident was of a nature such as would not have happened in the ordinary course of events without the driver's failure to exercise due care. Under the doctrine of *res ipsa,* these circumstances may give rise to an inference of negligence constituting a prima facie case for the claimant and shifting the burden of disproving negligence to the defendant. Wisconsin Telephone Co. v. Matson, 256 Wis. 304, 41 N.W.2d 268 (1950); Wood v. Indemnity Insurance Co., 273 Wis. 93, 76 N.W.2d 610 (1956).

 On its motion for summary judgment, defendant relies on the proof of the cause of death of the driver as evidence of a non-negligent cause of the accident. It is contended that this proof negates the inference of negligence arising under the doctrine of *res ipsa,* rendering the doctrine inapplicable in the case and requiring plaintiff to come forward with affirmative proof of negligence. There being no showing of the availability of such proof, defendant contends that it is entitled to judgment on its motion.

Based on the pleadings, moving papers, depositions, and affidavits submitted on the motion and on consideration of briefs and oral argument of counsel, it is the conclusion of the court that there remains no question of material fact as to liability to be submitted to the jury. In this case the evidence as to a possible non-negligent cause of the accident conclusively establishes that the driver died as a result of coronary artery disease and not of the injury. Cf. Wood v. Indemnity Insurance Co., supra, at p. 100, 76 N.W.2d at p. 613, where the doctrine of *res ipsa* was held applicable because defendant failed to establish as a certainty the presence of a nonactionable cause. Thus the circumstances as found immediately after the accident reveal two possible causes—one based on the inference of negligence under the doctrine of *res ipsa;* the other non-negligent, the fatal heart attack of the driver.

 Under these circumstances the inference of negligence arising under the doctrine of *res ipsa* must yield, and plaintiff must go forward with affirmative proof of negligence. A jury may not speculate between two possible causes, one negligent, the other nonactionable. Baars v. Benda, 249 Wis. 65, 23 N.W.2d 477 (1946), and Klein v. Beeten, 169 Wis. 385, 172 N.W. 736, 5 A.L.R. 1237 (1919). Jury verdicts may not be based on conjecture and speculation. Tri-Motors Sales, Inc. v. Travelers Indemnity Co., 19 Wis.2d 99, 119 N.W.2d 327 (1963). This has always been the rule in Wisconsin.

Plaintiff contends that under the decision of Poole v. State Farm Mutual Automobile Insurance Co., 7 Wis.2d 65, 95 N.W.2d 799 (1959), defendant must not only establish the presence of a nonactionable cause to render the doctrine of *res ipsa* inapplicable, but must show as well that the nonactionable cause in fact preceded the accident. For this purpose

plaintiff offers medical opinion that the fatal heart attack *might* have been precipitated by emotional stress or excitement.

The Poole case, supra, involved skidding in the wrong lane of traffic prior to a collision. Based on established rules applicable to skidding cases, the court held that before skidding may be relied on as a prima facie excuse of an invasion of the wrong lane of traffic, it must be shown that the skidding itself was not precipitated by negligent conduct. The decision does not refer to the doctrine of *res ipsa loquitur*. There is no indication in the Poole case that the court intended to change well accepted rules governing the doctrine of *res ipsa* or to overrule by implication the many decisions interpreting its application.

The Poole case, on its facts and law, is not applicable under the circumstances of the instant case. The occurrence of skidding preceding an accident is equivocal. Unlike the event of a fatal heart attack, skidding is not per se a nonactionable occurrence. Establishing the innocent nature of the skidding goes to show the unequivocal presence of a nonactionable explanation of the accident, not to prove the causal effect of the skid. The decision in the Poole case does not require that defendant in the instant case establish that the conclusively shown nonactionable explanation of the accident in fact preceded the time at which the automobile struck the utility pole in order to render the doctrine of *res ipsa* inapplicable in this case. Further, the medical opinion offered to show that the heart attack followed rather than preceded the accident is expressed in qualified, conjectural terms as to an abstract *possibility*. This evidence does not suffice to raise an issue of fact as to the presence of a nonactionable cause, as to the sequence of events culminating in this no-witness accident, or as to affirmative negligence of the driver.

The circumstances as found following the accident reveal a possible nonactionable explanation thereof. The jury may not speculate between this event and an inference of negligence based on application of the doctrine of *res ipsa* to determine causation and liability in this action. Plaintiff has not shown the availability of further affirmative proof of the driver's negligence to raise an issue of triable fact. Plaintiff's case must fail because she cannot meet the required burden of proof.

For the foregoing reasons, defendant's motion for summary judgment must be and it is hereby granted. The clerk is directed to enter judgment for the defendant and against the plaintiff, dismissing the complaint on the merits and for defendant's costs.