AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Plaintiff-Appellant, v. DOBRZYNSKI, Defendant-Respondent.

Supreme Court

*No. 76–538. Submitted on briefs March 26, 1979.—
Decided May 1, 1979.*
(Also reported in 277 N.W.2d 749.)

---

618

620

For the appellant the cause was submitted on the briefs of *Dennis K. Sage, Godsell, Weber, Bruch, Rick & Sage, S.C.,* of Hales Corners.

For the respondent the cause was submitted on the brief of *William H. Vettel* of Wauwatosa.

BEILFUSS, C. J. The primary issue is whether the plaintiff presented sufficient evidence to permit an inference of negligence on the part of the defendant under the doctrine of *res ipsa loquitur.* We believe there was sufficient evidence to permit the inference and reverse the judgment.

The incident giving rise to the action occurred on July 12, 1973 at about 2:15 a.m., in Cudahy, Wisconsin.

Gayle Clemens owned a 1970 Buick. It was insured by the plaintiff-appellant American Family Mutual Insurance Company. The other vehicle involved was a 1965 Ford Thunderbird owned and operated by the defendant-respondent Ronald J. Dobrzynski.

The precise sequence of events that took place is not clear from the record. However it is undisputed that the plaintiff's insured Buick automobile was parked inside a garage when the second vehicle, operated by the defendant, collided with the closed garage door and pushed the Buick through the garage wall on the opposite side and damaged the Buick in both the front and rear. There were no witnesses to the actual collision except the defendant, who did not appear at trial.

The complaint contained allegations of specific negligent acts on the part of the defendant: failure to properly manage and control his vehicle, operating the vehicle at a speed that was unreasonable under the circumstances, failure to maintain a proper lookout, and operating his vehicle while under the influence of an intoxicant. These were specifically denied by the defendant in his answer.

On December 7, 1976, the matter proceeded to trial before a jury. The court noted that the only issue to be litigated and decided by the jury was the liability of the defendant because the parties had previously stipulated that American Family Insurance Company was subrogated to the rights of its insured and that the $570.71

paid out by the company for repairs was fair and reasonable.

The only witness called by the plaintiff was the investigating police officer who was routinely checking the area and happened on the scene shortly after the collision. He testified in substance that the physical evidence at the scene, *i.e.*, the two vehicles and the garage door and wall, corroborated what little was known and admitted concerning the accident, namely, that the defendant's Thunderbird had hit the garage door and pushed the second vehicle about four feet through the rear wall of the garage. The officer also testified that at the scene on the night of the accident the defendant denied having operated the vehicle. However, several days later, on July 16, 1976, he contacted the officer and acknowledged that he was the person who had been driving at the time in question. Also, for the first time, the defendant informed the officer that he had experienced a brake failure. The defendant made no mention of the claim of brake failure on the night of the accident. Furthermore, the officer had the defendant move his car on two occasions that night after the incident in order to reconstruct the circumstances of the collision. The officer did not observe that the defendant had any difficulty in using the brakes. He was able to stop his car without further mishap both times.

At the close of the plaintiff's case the defendant moved for a nonsuit on insufficiency of the evidence. The trial court granted the defendant's motion and dismissed the complaint on the merits with prejudice. The court determined that the plaintiff failed to show a prima facie case of negligence, noting that there was no testimony in the record concerning the specific acts of negligence alleged in the complaint and no direct evidence showing the jury the manner in which the defendant had operated his vehicle. The court also concluded the case was not

an appropriate one in which to apply the doctrine of *res ipsa loquitur* for two reasons: first, the record contained no direct evidence or particular facts relating to the defendant's alleged negligent conduct; second, in light of the defendant's claim of brake failure, the accident was just as reasonably attributable to other nonactionable causes as to the defendant's negligence. The court additionally took notice of the fact that *res ipsa loquitur* was not specifically pleaded by plaintiff.

██

The involuntary nonsuit has now been abolished in Wisconsin. When such a motion is made, it is treated as a motion to dismiss. See sec. 805.14(2)(a), Stats. This motion, as with any motion challenging the sufficiency of the evidence as a matter of law, shall not be granted "unless the court is satisfied that, considering all credible evidence and reasonable inferences therefrom in the light most favorable to the party against whom the motion is made, there is no credible evidence to sustain a finding in favor of such party." Sec. 805.14(1). This test, to be used by the trial court in ruling on the motion in the first instance, is the same test this court is to employ on review. Elaborating on the standards to be applied by the court in ruling on a defendant's challenge to the sufficiency of the evidence made at the close of the plaintiff's case, this court has declared in *Household Utilities, Inc. v. Andrews Co.,* 71 Wis.2d 17, 24, 236 N.W.2d 663 (1976):

"A challenge to the sufficiency of the evidence, of course, requires that some quantum determination be made with respect to the facts in the case. Where the case is tried to a jury, the court's ruling is necessarily limited to a determination of whether there is a dispute as to the facts or whether conflicting inferences might be drawn from the facts as presented. In this respect, a motion for nonsuit is equivalent to a motion for directed verdict. The court may grant neither unless it finds, as

a matter of law, that no jury could disagree on the proper facts or the inferences to be drawn therefrom; and that there is no credible evidence to support a verdict for the plaintiff. This approach is necessary to preserve the litigant's right to a jury trial."

There are no known witnesses to the early morning collision other than the defendant himself and he did not come forward with an explanation at trial. The precise events immediately preceding the collision are unknown. The record contains no evidence at all of Dobrzynski's conduct, of the manner in which and the speed at which he operated his vehicle. The only evidence of Dobrzynski's physical condition is the investigating officer's testimony that he could smell an alcoholic beverage on the defendant's breath. As in the case of *Wisconsin Telephone Co. v. Matson,* 256 Wis. 304, 308, 41 N.W.2d 268 (1950), which involved a similar fact situation, "[u]nless the unexplained occurrence of the accident raises a presumption or permits inferences of negligence . . . [d]efendant's motion for judgment dismissing the complaint should have been granted . . . ."

An early statement of the doctrine of *res ipsa loquitur* appears in *Kirst v. Milwaukee, Lake Shore & Western Railway Co.,* 46 Wis. 489, 492, 1 N.W. 89 (1879):

". . . '. . . where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care.' . . ."

*Turk v. H. C. Prange Co.,* 18 Wis.2d 547, 553, 119 N.W.2d 365 (1963), provides:

"The three elements of *res ipsa loquitur,* as defined in *Ryan v. Zweck-Wollenberg Co.* (1954), 266 Wis. 630, 64

N.W.(2d) 226, that must be present before the application of the doctrine, are: (1) The accident must be a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff. [Cases cited.]"

With respect to the first element, it has been said:

"The requirement that the occurrence be one which ordinarily does not happen without negligence is of course only another way of stating a principle of circumstantial evidence, that the accident must be such that in the light of ordinary experience it gives rise to an inference that someone has been negligent. . . ." Prosser, Law of Torts (2d ed.), p. 202, sec. 42, cited in *Fehrman v. Smirl*, 20 Wis.2d 1, 25, 26, 121 N.W.2d 255 (1963).

Regarding the element of exclusive control, the Wisconsin rule is that *"right to control* is the important factor and, actual exclusive control is not necessary." *Turk v. H. C. Prange Co., supra,* 18 Wis.2d at 365. The control element presents no problem in this case because the defendant, owner and driver of the vehicle involved, had actual physical possession of the automobile as well as a right of control over it.

Under recent case law *res ipsa loquitur* is frequently invoked in cases where, as here, an automobile collides with a stationary object.[1] In this case the Thunderbird automobile, while being operated by the defendant, left

---

[1] *See Wisconsin Telephone Co. v. Matson,* 256 Wis. 304, 41 N.W.2d 268 (1950); *Wood v. Indemnity Ins. Co.,* 273 Wis. 93, 76 N.W.2d 610 (1956); *Novakofski v. State Farm Mut. Auto. Ins. Co.,* 34 Wis.2d 154, 148 N.W.2d 714 (1967); *Dewing v. Cooper,* 33 Wis. 2d 260, 147 N.W.2d 261 (1967); *Bunkfeldt v. Country Mut. Ins. Co.,* 29 Wis.2d 179, 138 N.W.2d 271 (1965).

the roadway and hit a garage door pushing the vehicle parked inside the garage through the opposite wall. This is clearly an accident which in the ordinary course of things does not happen if those who have the management of the instrumentality involved use proper care. The doctrine of *res ipsa loquitur* is properly invoked under such circumstances, establishing a prima facie case of negligence from the mere occurrence of the accident.

The fact that the plaintiff's case included allegations of specific negligent acts on the part of the defendant is immaterial. The court in *Fehrman v. Smirl, supra,* 25 Wis.2d at 653, approved the following comment of Dean Prosser:

> " '. . . the introduction of some evidence which tends to show specific acts of negligence on the part of the defendant, but which does not purport to furnish a full and complete explanation of the occurrence does not destroy the inferences which are consistent with the evidence, and so does not deprive the plaintiff of the benefit of res ipsa loquitur.' Prosser, Law of Torts (3d ed.), ch. 6, p. 236, sec. 40."

Specific elements of negligence can be alleged or supported in evidence without destroying the doctrine.[2] It should also be noted that because the rule of *res ipsa loquitur* is a doctrine from the law of evidence and not a rule of pleading, the plaintiff may appropriately invoke the doctrine although he did not plead it.[3]

The defendant contends, and the trial court concluded, that the doctrine of *res ipsa loquitur* is inapplicable to the present facts because the accident might have been

[2] *Turk v. H. C. Prange Co., supra,* 18 Wis.2d at 553; *Koehler v. Thiensville State Bank,* 245 Wis. 281, 291, 14 N.W.2d 15 (1944).

[3] *Szafranski v. Radetsky,* 31 Wis.2d 119, 132–33, 141 N.W.2d 902 (1966).

due to other causes for which the defendant would not be responsible. The trial court relied on the line of cases which applied the following rule from *Hyer v. Janesville*, 101 Wis. 371, 377, 77 N.W. 729 (1898):

". . . where there is no direct evidence of how an accident occurred, and the circumstances are clearly as consistent with the theory that it may be ascribed to a cause not actionable as to a cause that is actionable, it is not within the proper province of a jury to guess where the truth lies and make that the foundation for a verdict."

That is still an accurate statement of the law; however we do not believe it governs the present case.

In *Wood v. Indemnity Ins. Co.*, 273 Wis. 93, 102, 76 N.W.2d 610 (1956), this court qualified the broad language in *Hyer*, declaring as follows:

"We are constrained to hold that in a situation where it ordinarily would be permissible to invoke the rule of *res ipsa loquitur*, such as the unexplained departure from the traveled portion of the highway by a motor vehicle, resort to such rule is not rendered improper merely by the introduction of inconclusive evidence giving rise to an inference that such departure may have been due to something other than the negligence of the operator."

In *Wisconsin Telephone Co. v. Matson*, 256 Wis. 304, 311, 41 N.W.2d 268 (1950), we stated:

"The jury may not guess that an actionable cause rather than one not actionable produced the accident when the possible nonactionable cause is present in the evidence of the circumstances, but when the nonactionable cause is present only in the imagination the question of speculation between the two or more possible causes does not arise."

The existence of a possible nonactionable cause for the collision in the present posture of this case remained

purely in the realm of speculation. The record is devoid of any evidence relating to the one possible nonactionable cause specifically referred to, namely, the claim of a brake failure. The investigating officer's testimony that the defendant several days after the incident stated he had experienced a brake failure does not constitute substantive evidence of the existence of such a defect and has no probative value on the issue of the presence of nonactionable causes. It must be concluded that the rule in *Hyer v. Janesville, supra,* does not apply to the present case. The cases cited by the defendant and relied on by the trial court, in contrast to this case, revealed and the court explicitly referred to the actual presence of an alternative possible cause of the occurrence which did not involve the defendant's negligence.

The procedural effect of *res ipsa loquitur* in Wisconsin is that of a permissible inference rather than rebuttable presumption.[4] As a permissible inference, the effect of the doctrine is merely to permit the jury to draw a reasonable inference from circumstantial evidence.

The practical effects of the application of the doctrine, noted by the court in *Weggeman v. Seven-Up Bottling Co.,* 5 Wis.2d 503, 510, 93 N.W.2d 467, 94 N.W.2d 645, are these:

" '(1) Upon the close of plaintiff's evidence, defendant is not entitled to a nonsuit or directed verdict.

" '(2) If defendant also rests at this point without putting in any evidence, plaintiff is *not* entitled to a directed verdict unless upon the facts of a particular case "the *prima facie* proof is so convincing that the inference of negligence arising therefrom is inescapable if not

---

[4] *Weggeman v. Seven-Up Bottling Co.,* 5 Wis.2d 503, 509, 93 N.W.2d 467, 94 N.W.2d 645 (1958); *Ryan v. Zweck-Wollenberg Co.,* 266 Wis. 630, 649, 64 N.W.2d 226 (1954); *Fehrman v. Smirl,* 20 Wis.2d 1, 21, 121 N.W.2d 255 (1963).

rebutted by other evidence," a situation which would not be true in the great majority of cases.' 2 Harper and James, Law of Torts, p. 1100, sec. 19.11."

The mere occurrence of a collision under the circumstances of the instant case give rise to an inference of negligence on the part of the driver of the vehicle. Unsubstantiated assertions regarding a possible nonactionable cause are not sufficient to refute the inference and render the doctrine of *res ipsa loquitur* inapplicable.

The following statement appearing in the opinion of the United States Supreme Court in *Tennant v. Peoria & P. U. R. Co.*, 321 U.S. 29 (1944), and cited by this court in *Wood v. Indemnity Ins. Co.*, *supra*, 273 Wis. at 101, is a fitting conclusion to the analysis of the issue:

" 'It is not the function of a court to search the record for conflicting circumstantial evidence in order to take the case away from the jury on a theory that the proof gives equal support to inconsistent and uncertain inferences. . . . It is the jury, not the court, which is the fact-finding body. It weighs the contradictory evidence and inferences, judges the credibility of witnesses, receives expert instructions, and draws the ultimate conclusion as to the facts. The very essence of its function is to select from among conflicting inferences and conclusions that which it considers most reasonable."

We conclude the trial court erred in granting the defendant's motion to dismiss because of insufficiency of the evidence. The doctrine of *res ipsa loquitur* was applicable to defeat the motion for nonsuit (or to dismiss). The case must be remanded and a new trial ordered. While holding the doctrine of *res ipsa loquitur* is sufficient to defeat the motion for nonsuit upon the record before us, it does not automatically follow that an instruction on *res ipsa loquitur* must be given to the jury

at the close of all of the evidence in the new trial. That determination must be based upon the state of the evidence as it then appears.[5]

*By the Court.*—Judgment reversed and cause remanded for further proceedings not inconsistent with this opinion.

---

[5] *See Gierach v. Snap-On Tools Corp.*, 79 Wis.2d 47, 255 N.W.2d 465 (1977).